FILED & ENTERED

APR 15 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY,<br><br>Debtor. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>SEPARATE STATEMENT OF DECISION ON DENIAL OF MOTION BY AERC DESMOND'S TOWER, LLC FOR RELIEF FROM THE AUTOMATIC STAY (UNLAWFUL DETAINER)<br><br>Hearing Date: April 9, 2013<br>Time: 2:00 p.m.<br>Courtroom: 1675 |

At the further hearing on the motion of the landlord, AERC Desmond's Tower, LLC ("landlord"), for relief from the automatic stay on April 9, 2013, the court, after hearing further argument, ruled that it was denying the motion and orally stated its reasons for denying the motion. The court believes that it should supplement its reasons stated at the hearing, including, for example, to state the full citation of the primary case it relies upon in denying the motion. *Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.),* 96 F.3d 346 (9th Cir. 1996).

Landlord brought this motion for relief from stay pursuant to 11 U.S.C. § 362(d)(1) for cause on grounds that the lease held by debtor, Art and Architecture Books of the 21st

Century ("debtor") as tenant had been terminated. Debtor disputes that the lease was properly terminated and opposed the motion. The official committee of unsecured creditors in this case joined debtor's opposition to the motion, asserting that the lease was a very valuable asset in the estate (as it is a lease on a business property (office building) on a major thoroughfare in Los Angeles, Wilshire Boulevard, in the Mid-Wilshire area with a potential 50 year duration). An indication of the value of the property is the statement in the declaration of landlord's representative that the landlord has invested over $37 million in the property. *Supplemental Declaration of Bradley A. Van Auken in Support of AERC Desmond's Power, LLC's Motion for Relief from the Automatic Stay and Related Relief,* filed on February 22, 2013, at 3.

Whether stay relief should be granted or denied is committed to the judicial discretion of this court. *In re Conejo Enterprises, Inc.,* 96 B.R. at 351.

As stated by the court at the hearing, there are two possible approaches in exercising this discretion in determining whether or not stay relief should be granted or denied in the situation of the lack of a final judicial determination of the issue of the validity of a termination of a lease under California law in an unlawful detainer case pending in state court. *Matter of Escondido West Travelodge,* 52 B.R. 376, 382 (S.D. Cal. 1985). The court could deny relief from stay and apply state law to determine whether the landlord's termination of the lease was effective, *id., citing inter alia, In re Burke,* 76 F. Supp. 5 (S.D. Cal. 1948), or the court could grant stay relief and allow the state court to make the determination. *Id., citing inter alia, In re Cowboys,* 24 B.R. 15 (Bankr. S.D. Fla. 1982). As noted by the district court in *Escondido West Travelodge,* "Each approach has its relative advantages." The district court also stated: "On one hand, resolution of the issue of the validity of the termination is likely to proceed more expeditiously in federal court, thus reducing the possibility of delay in the reorganization proceeding." *Id.* The district court further stated because the posture of the state court proceedings was on appeal of the state trial court's rulings determining that the lease was validly terminated and denying relief from forfeiture: "On the other hand, the state

1 appellate court is the more appropriate court for deciding an appeal from the judgment of a state trial court." *Id.* In *Escondido West Travelodge,* the district court opted for the latter approach and granted stay relief, reversing the ruling of the bankruptcy court denying stay relief. *Id.* at 377-378.

In the case at bar, unlike in *Escondido West Travelodge,* the state court has yet to make a determination of whether the lease was validly terminated, and if so, whether debtor may obtain relief from forfeiture of the lease because the debtor filed this bankruptcy case on the eve of the unlawful detainer case in state court, where the matters were to be litigated.

In addition to considering cases such as *In re Conejo Enterprises, Inc.,* and *Matter of Escondido West Travelodge,* the court has also considered the non-exclusive factors whether the court should permissibly abstain from hearing a matter pending in a nonbankruptcy forum and grant stay relief enumerated in *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166-1167 (9th Cir. 1990) as well as other cases cited by the parties in *Fireman's Fund Insurance Co. v. Brady (In re Calsol, Inc.),* 419 Fed. Appx. 753 (9th Cir. 2011) (unpublished opinion); *Vanderpark Properties, Inc. v. Buchbinder (In re Windmill Farms, Inc.),* 841 F.2d 1467 (9th Cir. 1988); *Piombo v. Castlerock Properties (In re Castlerock Properties),* 781 F.2d 159 (9th Cir. 1986); *In re Waterkist Corp.,* 775 F.2d 1089 (9th Cir. 1985).

The court notes that in *Conejo Enterprises,* the Ninth Circuit upheld the denial of stay relief by the bankruptcy court as a reasonable exercise of discretion on at least three different grounds: "(1) staying the state action gave the bankruptcy court and other parties time to see whether Benedor would file a proof of claim before the upcoming claims bar date, or effectively waive its right to payment from the bankruptcy estate; (2) staying the state action promoted judicial economy by minimizing duplication of litigation in two separate forums and promoting the efficient administration of the estate; and (3) staying the state action preserved a level playing field for negotiation." 96 F.3d at 352.

3

1    The court has considered the *Tucson Estates* factors, and notes that a number of
2 them support the landlord's position since the matters to be litigated in state court are
3 noncore claims raising issues of state substantive law of validity of lease termination and
4 relief from lease forfeiture. California Code of Civil Procedure, § 1179. However, the
5 court is persuaded that based on *Conejo Enterprises,* stay relief should be denied
6 because the issues are raised by a core matter of debtor's motion to assume the lease
7 under 11 U.S.C. § 365, which was filed on March 29, 2013, and which debtor will be
8 setting for hearing shortly. *See In re Turbowind, Inc.*, 42 B.R. 579, 583 (Bankr. S.D. Cal.
9 1984); *see also Motion of Debtor to Assume Master Lease (NNN) re 5500 Wilshire*
10 *Boulevard, Los Angeles, California; Memorandum of Points and Authorities; Declaration*
11 *of Douglas Chrismas,* filed on March 29, 2013. Determination of the lease assumption
12 motion will have a major impact on the debtor's prospects of reorganization in this case,
13 and in order for the court to determine the lease assumption motion, the court will have to
14 make the determinations of the not yet judicially determined issues of state law of the
15 validity of the lease termination and lease forfeiture relief, which are intertwined with the
16 lease assumption motion issues. *See In re Turbowind, Inc.*, 42 B.R. at 583. The court is
17 permitted to decide these state law issues of validity of lease termination and lease
18 forfeiture relief. *In re Windmill Farms, Inc.,* 841 F.2d at 1468-1474.
19    The court determines that denying stay relief and staying the state action will
20 promote judicial economy by minimizing duplication of litigation in two separate forums
21 and promoting the efficient administration of the estate, which will reduce delay in the
22 reorganization process. *In re Conejo Enterprises, Inc.,* 96 B.R. at 351; *Matter of*
23 *Escondido West Travelodge,* 52 B.R. at 352. The court believes that it can expeditiously
24 resolve the lease assumption motion as it has indicated on the record to the parties and
25 counsel that undue delay in prosecution of the lease assumption motion by debtor may
26 lead the court to reconsider its ruling on stay relief.
27    The court also determines that staying the state action preserved a level playing
28 field for negotiation because there may be a benefit to all interested parties in this

4

bankruptcy case, including the debtor and the creditors, including the landlord and the unsecured creditors, to have this court adjudicate the motion sooner rather than later without delay and expense of collateral proceedings in state court to foster negotiating a plan among all parties.  While the court makes no determination of the merits of the claims and defenses of the debtor and the landlord as to the lease assumption motion and the issues relating to lease termination and lease forfeiture relief, it is clear that the lease may well have value, which may be appropriately preserved for the estate and creditors through this bankruptcy reorganization case.  (However, if the landlord is correct that the lease was validly terminated and relief from forfeiture should not be granted, then the terminated lease would have no value to the estate, and this will be a much different bankruptcy reorganization case, but this is yet to be determined.)

The court notes that the landlord and the debtor have reached a stipulation as to adequate protection of the landlord's claimed interests in subtenant rents raised by the landlord's demand for adequate protection, which stipulation the court has now approved. Debtor's provision of adequate protection of the landlord's interests in subtenant rents is a factor that supports stay relief denial at this time under 11 U.S.C. § 362(d)(1).

For the foregoing reasons as well as those stated on the record at the hearing, the court concludes that it should exercise its reasonable discretion to deny the landlord's motion for relief from the automatic stay.

IT IS SO ORDERED.

###

Date: April 15, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **SEPARATE STATEMENT OF DECISION ON DENIAL OF MOTION BY AERC DESMOND'S TOWER, LLC FOR RELIEF FROM THE AUTOMATIC STAY (UNLAWFUL DETAINER)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 11, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Joseph A Eisenberg    jae@jmbm.com, vr@jmbm.com
Michael F Frank    mfrankatty@aol.com
Thomas M Geher    tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com
Kathryn Gose    kgose@stutman.com
Mary D Lane    mal@msk.com, mec@msk.com
Alvin Mar    alvin.mar@usdoj.gov
Christine M Pajak    cpajak@stutman.com
Christopher O Rivas    crivas@reedsmith.com
Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page