RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN143945)
KURT RAMLO (SBN 166856)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbyb.com; bry@lnbyb.com; kr@lnbyb.com; kjm@lnbyb.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**FILED & ENTERED**

**SEP 12 2013**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae           DEPUTY CLERK

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(LOS ANGELES DIVISION)**

| | |
|---|---|
| In re: | Case No. **2:13-bk-14135-RK** |
| ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY, dba ACE GALLERY, | Chapter 11 |
| | **FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO ORDER GRANTING DEBTOR'S MOTION TO ASSUME MASTER LEASE (NNN) RE 5500 WILSHIRE BOULEVARD, LOS ANGELES, CALIFORNIA** |
| Debtor and Debtor in Possession. | Trial Schedule<br>Date: August 19 and 30, 2013<br>Time: 9:00 a.m.<br><br>Date: August 28, 2013<br>Time: 1:30 p.m.<br><br>Date: September 4, 2013<br>Time: 8:45 a.m.<br>Place: Courtroom 1675<br>    255 East Temple Street<br>    Los Angeles, California 90012 |

//

//

//

1

A trial (the "Lease Assumption Trial") was held on August 19, 28 and 30, 2013 and September 4 and 10, 2013 before the undersigned United States Bankruptcy Judge on behalf of this Court to consider approval of that certain "Motion Of Debtor To Assume Master Lease (NNN) Re 5500 Wilshire Boulevard, Los Angeles, California" (the "Lease Assumption Motion") [Docket No. 71] filed by Art and Architecture Books of the 21st Century dba Ace Gallery, the Chapter 11 debtor in possession in the above-captioned bankruptcy case (the "Debtor"). Appearances at the Lease Assumption Trial were made as set forth on the record of this Court.

This Court heard testimony at trial as listed below and considered the following exhibits and evidence in making the findings of fact and conclusions of law set forth below:

1. The Lease Assumption Motion
2. The Direct Testimony of Douglas Chrismas (both as a percipient witness and as an expert witness) by Declaration
3. The Direct Testimony of Shirley Holst by Declaration
4. The Direct Testimony of Bradley Van Auken as Attached to the Declaration of Beth Ann R. Young by Declaration
5. The Direct Testimony of Bradley Van Auken by Declaration
6. The Direct Testimony of Dr. Barbara Luna by Declaration
7. Certain deposition testimony of Dr. Barbara Luna
8. Certain deposition testimony of Matthew Friedman
9. The Testimony of Eric Wilson via Deposition Transcript submitted by the Parties
10. The Debtor's Trial Brief
11. The Committee of Unsecured Creditors' Trial Brief
12. The Landlord's Trial Brief
13. The Evidentiary Objections to the Direct Testimony by Declaration
14. The Debtor's Exhibits as admitted on the record
15. The Landlord's Exhibits as admitted on the record
16. The Stipulated Joint Pre-Trial Order

This Court also considered the live testimony of the following witnesses over the course of three days during the Lease Assumption Trial:

1. Douglas Chrismas
2. Shirley Holst
3. Gary Mendelson
4. Bradley Van Auken
5. Matthew Friedman
6. Barbara Luna, Ph.D.

Upon consideration of the foregoing, and good cause appearing, this Court hereby makes, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"), incorporating by reference, Rule 52 of the Federal Rules of Civil Procedure, the following Findings of Fact and Conclusions of Law with respect to this Court's granting of the Lease Assumption Motion:

1. This Court has jurisdiction over the Lease Assumption Motion under 28 U.S.C. § 1334(b). The Lease Assumption Motion is a core proceeding under 28 U.S.C. §§ 157(a) and 157(b)(2)(A) and (M). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because the instant proceeding arises under Title 11 or arises in a case under Title 11.

2. On or about May 8, 2012, the Debtor and AERC Desmond's Tower, LLC (the "Landlord") entered into the Master Lease (the "Master Lease") for the real property located at 5500 Wilshire Blvd., Los Angeles, California 90036 (the "Property"). Trial Exhibit 1 is a true and correct copy of the Master Lease. The Debtor's headquarters and main art gallery are located at the Property.

3. The Debtor has offered credible evidence to show that as evidenced by the terms of the Master Lease itself, the Master Lease was heavily negotiated by the Debtor and the Landlord, both of whom were represented by their respective experienced and sophisticated real estate counsel in connection with such negotiations and that numerous drafts of the Master Lease were exchanged prior to its execution. This evidence is relevant because it reflects the intentions

of the parties for the Master Lease and provides a context for the Court in considering whether the Landlord properly terminated the Master Lease by its December Notice to Quit as defined in paragraph 4 below in accordance with its available contractual and/or statutory remedies.

4. The Debtor did not pay the December, 2012 rent on or before Monday, December 3, 2012. On December 4, 2012, the Debtor received, by Federal Express delivery, a written notice entitled "Ten Day Notice to Pay or Quit" (the "December Notice to Quit"). Trial Exhibit 7 is a true and correct copy of the December Notice to Quit. Federal Express picked up the December Notice to Quit from the Landlord at 7:31 pm Eastern Standard Time on December 3, 2012.

5. On December 20, 2012, the Landlord filed an unlawful detainer action in the Superior Court for the State of California (the "Unlawful Detainer Action") predicated on the December Notice to Quit. Trial Exhibit 35 is a true and correct copy of the complaint filed by the Landlord in the Unlawful Detainer Action.

6. The Debtor did not pay to the Landlord any Monthly Base Rent or any Additional Rent due for December, 2012, January 2013 and February 2013 (the "Delinquent Rent").

7. Prior to trial in the Unlawful Detainer Action, on February 19, 2013 (the "Petition Date"), the Debtor commenced its chapter 11 bankruptcy case.

8. The Debtor has offered credible evidence that the Master Lease is extremely valuable to the Debtor because the Debtor is able to sublet a substantial portion of the Property to third parties, which currently generates revenue for the Debtor in the sum of approximately $95,000 per month (the "Subtenant Rent"), though the evidence also shows that historically, the revenue was sometimes lower. The Debtor has offered credible evidence to show that it is negotiating a potential sub-lease with Wells Fargo Bank ("WFB Sub-Lease") which would increase the Subtenant Rent by another $22,000, to the sum of approximately $117,000 per month according to the Debtor.

9. The total monthly rent owing to the Landlord for the Debtor's use of the Property is currently the sum of $184,337.37. The Debtor has offered credible evidence that after

application of the Subtenant Rent, the Debtor's remaining portion of the monthly rent for the use of the Property is the sum of $89,127.11 approximately, and may be reduced to the lesser sum of approximately $67,104.71 if and when the WFB Sub-Lease is allowed to go into effect. The Court makes no determination whether the WFB Sub-Lease should be allowed to go into effect.

10.  In addition to the Subtenant Rent, the Debtor has offered credible evidence to show that it generates monthly parking revenue ranging between $8,000 and $22,000 on the leased premises, depending upon the events scheduled during that time.

11.  The Landlord issued the December Notice to Quit before the end of the day on which the Debtor's rent payment for the month of December, 2012 was due.

12.  The December Notice to Quit was served prior to the expiration of the grace period during which the Debtor could timely make the rent payment for the month of December, 2012.

13.  Pursuant to § 22.1(b) of the Master Lease, an event of "Default" occurs when there is a "failure by Tenant to make any payment of Rent, Additional Rent or any other payment required to be made by Tenant hereunder, where such failure continues for ten (10) days after written notice thereof from Landlord that such payment was not received when due . . . ." *See* Master Lease, § 22.1(b), at 19.

14.  At the time the December Notice to Quit was delivered to the Debtor, there was no Default in any performance under the terms of the Master Lease. The December Notice to Quit was prematurely issued and delivered to the Debtor and therefore was defective.

15.  The Unlawful Detainer Action was predicated upon the defective December Notice to Quit and therefore could not serve to terminate the Master Lease.

16.  The Master Lease was not terminated prior to the Petition Date.

17.  On April 9, 2013, the Debtor and the Landlord entered into a stipulation regarding adequate protection (the "Adequate Protection Stipulation") [Docket No. 80] requiring the Debtor to segregate rents that the Debtor receives from sub-tenants and to pay the Landlord monthly rent. Pursuant to the Adequate Protection Stipulation, the Debtor has made all post-

Petition Date payments required to be made by the Debtor to the Landlord, and the Debtor segregates rents it receives from sub-tenants of the Property.

18. The Debtor's Monthly Operating Reports (Trial Exhibits 11, 12, 13, 14 and 15) show that the Debtor's post-Petition Date revenues are in excess of the amounts generated by the Debtor prior to the Petition Date, and are sufficient to show that the Debtor is able to pay the Debtor's obligations to the Landlord under the Master Lease as they become due.

19. The total cure amount owing by the Debtor to the Landlord for the Delinquent Rent is the sum of $626,642.73.

20. The Debtor has obtained a loan commitment in the sum of $1,575,000 (the "Assumption Loan") from Wilson Administrative Services LTD for the purpose of funding the Debtor's assumption of the Master Lease and the Debtor's assumption of the Debtor's other real property lease located in Beverly Hills, California. This Court previously entered an order approving the Assumption Loan. [Docket No. 336]

21. During May, June, and early July, 2013 (the "Inventory Period"), the Debtor undertook the task of compiling inventories of the Debtor's owned art work and consigned art work (excluding posters). As part of that task, the Debtor inspected and evaluated each art work and listed its opinion of the value on the inventories of owned art work and consigned art work. The Debtor has offered credible evidence that the aggregate value of the owned art work as of the Inventory Period may be worth $13 million. *See* Trial Exhibit 51; Trial Testimony of Douglas Chrismas. The Debtor has offered credible evidence that aggregate value of the consigned art work as of the Inventory Period may be worth $26 million (the court also notes that the artists or other cosigning owners whose art is cosigned would be entitled to some payment from any sales of this art). *See* Trial Exhibit 52; Trial Testimony of Douglas Chrismas. Therefore, the Debtor has offered credible evidence that the combined value of the Debtor's owned and consigned art work may be $39 million, not including posters, even net of any compensation due to consigning artists or owners, and the court determines that the value of these assets supports the Debtor's showing of adequate assurance of future performance under the Master Lease, if allowed to be

assumed by Debtor. The court does not value these assets for any other purpose other than for the purpose of determining this motion.

22. The Landlord is not entitled to recover from the Debtor as part of the cure any holdover rent under the Master Lease.

23. The Landlord is not a prevailing party and is not entitled to recover from the Debtor its costs or expenses, including attorneys' fees, relating to the Master Lease, the Unlawful Detainer Action, or the Lease Assumption Motion, whether as part of the cure, compensation for pecuniary loss, or otherwise.

24. [Proposed finding is omitted - The court makes no determination at this time whether Debtor is a prevailing party under § 31.5 of the Master Lease.]

25. The Debtor is not prohibited from assuming the Master Lease under either 11 U.S.C. § 365(c)(1) or 11 U.S.C. § 365(c)(3).

26. It is a proper exercise of the Debtor's business judgment to assume the Master Lease, and the Debtor has made this decision on an informed basis, in good faith and in the honest belief that the action taken is in the best interests of the Debtor's bankruptcy estate. The Official Committee of Unsecured Creditors appointed in the Debtor's bankruptcy case supports the Debtor's assumption of the Master Lease.

27. The evidence presented at the Lease Assumption Trial has established that the Debtor has provided adequate assurance of future performance under the Master Lease, pursuant to 11 U.S.C. §365(b)(1)(C).

//
//
//

28. The Debtor shall pay to the Landlord by September 17, 2013, the sum of $626,742.73, which payment shall be in full satisfaction of all of the Debtor's cure requirements under 11 U.S.C. §365(b)(1)(A).

29. The Landlord is not entitled to any compensation for any actual pecuniary loss resulting from any default pursuant to 11 U.S.C. § 365(b)(1)(B).

30. The Debtor's assumption of the Master Lease is hereby approved, and the motion to assume the Master Lease should be granted pursuant to 11 U.S.C. § 365.

###

Date: September 12, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **FINDINGS OF FACTS AND CONCLUSIONS OF LAW WITH RESPECT TO ORDER GRANTING DEBTOR'S MOTION TO ASSUME MASTER LEASE (NNN) RE 5500 WILSHIRE BOULEVARD, LOS ANGELES, CALIFORNIA** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **September 12, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Jason Balitzer    jbalitzer@sulmeyerlaw.com
- Ron Bender    rb@lnbyb.com
- Bruce Bennett    bbennett@jonesday.com
- Carol Chow    CChow@Stutman.com
- Marina Fineman    mfineman@stutman.com
- Michael F Frank    mfrankatty@aol.com
- Thomas M Geher    tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com
- Eric D Goldberg    egoldberg@stutman.com
- Asa S Hami    ahami@sulmeyerlaw.com
- Mary D Lane    mal@msk.com, mec@msk.com
- Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Sidney P Levinson    slevinson@jonesday.com, kfloyd@ecf.inforuptcy.com;kfloyd@jonesday.com
- Alvin Mar    alvin.mar@usdoj.gov
- Krikor J Meshefejian    kjm@lnbrb.com
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- Christine M Pajak    cpajak@stutman.com
- Danielle A Pham    dpham@stutman.com, daniellepham@gmail.com
- Kurt Ramlo    kr@lnbyb.com, marla@lnbyb.com
- Christopher O Rivas    crivas@reedsmith.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com
- Michael C Schneidereit    mschneidereit@jonesday.com, jhchase@jonesday.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;slee@sulmeyerlaw.com
- Beth Ann R Young    bry@lnbyb.com

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**