

FILED & ENTERED

SEP 18 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:13-bk-14135-RK |
| ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, | Chapter 11 |
| Debtor. | MEMORANDUM DECISION ON DEBTOR'S REQUEST FOR RELIEF FROM FORFEITURE AND ON DEBTOR'S MOTION TO ASSUME THE MASTER LEASE ON PREMISES AT 5500 WILSHIRE BOULEVARD, LOS ANGELES, CALIFORNIA |

The above-captioned bankruptcy case came on for trial before the undersigned

United States Bankruptcy Judge on April 23, May 7 and 14, 2014, pursuant to the

judgment of the United States District Court for the Central District of California (the

"District Court Judgment"), entered on January 15, 2014, on the appeal of AERC

Desmond's Tower LLC ("Landlord"), reversing the court's prior decision granting the

motion of Debtor Art and Architecture Books of the 21st Century ("Debtor") to assume the

Master Lease (NNN), 5500 Wilshire Blvd., Los Angeles, California ("Lease") and

remanding for proceedings consistent with the District Court Judgment, specifically, to

1  determine Debtor's request for relief from forfeiture of the terminated Lease pursuant to

2  state law (i.e., the District Court "concluded that, with respect to Debtor's eligibility for

3  relief from forfeiture, it would permit the Bankruptcy Court to address the full scope of the

4  arguments and potential factual issues on remand.").  *See* District Court Judgment at 3;

5  *see also, In re Windmill Farms, Inc.,* 841 F.2d 1467, 1471-1472 (9th Cir. 1988).  The

6  Official Committee of Unsecured Creditors in this bankruptcy case ("Creditors'

7  Committee") supports Debtor's request for relief from forfeiture of the Lease and

8  assumption of the Lease.  Landlord opposes the request and motion.  The background

9  facts are discussed in the prior rulings of the court and the District Court, and because

10  the parties are familiar with them, they need not be generally described here.

11        For the reasons set forth below, the court determines that Debtor contractually

12  waived its right to relief from forfeiture of the Lease under both California Code of Civil

13  Procedure § 1179 and California Civil Code § 3275 and therefore it may not assume the

14  Lease after its termination.  Accordingly, Debtor's request for relief from forfeiture and

15  motion to assume the Lease should be denied.

16                          **Discussion**

17  I.   **Debtor Waived its Right to Seek Relief from Forfeiture under California Code**

18       **of Civil Procedure § 1179 and California Civil Code § 3275**

19        A.  There is No Statutory Prohibition of a Waiver of the Right to Seek Relief
20            from Forfeiture under California Code of Civil Procedure § 1179 or
             California Civil Code § 3275 in a Commercial Lease, and the Waiver in a
21            Commercial Lease Does Not Contravene a Public Purpose

22        In this case, Debtor seeks to invoke California law to request relief from forfeiture

23  of the Lease after its termination, specifically, California Code of Civil Procedure § 1179

24  and California Civil Code § 3275.  Landlord argues that Debtor may not rely upon these

25  provisions for relief from forfeiture because Debtor had expressly waived all of its rights to

26  request relief from forfeiture of the Lease after termination in Section 23.1 of the Lease.

27  Thus, the issue before the court is whether or not Debtor had waived its rights to relief

28  from forfeiture of the Lease as argued by Landlord.   Waiver is generally understood as

1  "the intentional relinquishment or abandonment of a known right."  *Bickel v. City of*

2  *Piedmont,* 16 Cal. 4th 1040, 1048 (1997) (citations omitted), *abrogated with regard to its*

3  *construction of the Permit Streamlining Act as noted in DeBerard Properties, Ltd. v. Lim,*

4  20 Cal. 4th 659, 668 (1999).   As stated by the Supreme Court of California, under

5  California law, a party may waive a statutory provision "if a statute does not prohibit doing

6  so," the statute's "public benefit . . . is merely incidental to [its] primary purpose," and

7  "waiver does not seriously compromise any public purpose that [the statute was] intended

8  to serve."  *DeBerard Properties, Ltd. v. Lim*, 20 Cal. 4th at 668-669 (citations omitted).

9          1.  No Other Statute Prohibits Waiver of the Right to Seek Relief from
             Forfeiture in a Commercial Lease

10

11          The court will need to first address whether any statute prohibits the waiver of

12  rights under California Code of Civil Procedure § 1179 or California Civil Code § 3275.

13  Landlord argues that no California statute prohibits a commercial lease tenant from

14  waiving any right to seek relief from forfeiture under California Code of Civil Procedure §

15  1179 and California Civil Code § 3275, or otherwise, and that this is indicative of the

16  California Legislature's express intent.  *Landlord's Proposed Findings of Fact and*

17  *Conclusions of Law* ¶ 49.   The court agrees with Landlord that no California statute

18  specifically prohibits a commercial lease tenant from waiving its right to seek relief from

19  forfeiture under either California Code of Civil Procedure § 1179 or California Civil Code §

20  3275.  If the California Legislature had intended either of these provisions to be non-

21  waivable for reasons of public policy, it could have adopted a statute expressly prohibiting

22  waivers of either or both of these provisions, but it did not.  *See Pearl v. General Motors*

23  *Acceptance Corp.,* 13 Cal. App. 4th 1023, 1030 (1993).  The court notes that the

24  Creditors' Committee has specifically conceded that "[t]he Committee is aware that no

25  statute expressly states that the right to redeem a commercial lease may not be waived."

26  *Memorandum of the Official Committee of Unsecured Creditors in Support of Debtor's*

27  *Request for Relief from Forfeiture of Master Lease with AERC Desmond's Tower, LLC,*

28  filed on March 21, 2014, at 14:21-22.  Neither the court nor any of the parties were able

3

1  to identify an express statutory prohibition of any waiver of rights under either California

2  Code of Civil Procedure § 1179 or California Civil Code § 3275.

3        Accordingly, the court determines that there is no express statutory prohibition of

4  the right to waive California Code of Civil Procedure § 1179 or California Civil Code §

5  3275.  Thus, the first of the three requirements enunciated by the Supreme Court of

6  California in *DeBerard Properties* permitting a party to waive a statutory provision "if a

7  statute does not prohibit doing so" is met here.  *DeBerard Properties, Ltd. v. Lim*, 20 Cal.

8  4th at 668-669 (1999) (citations omitted).

9
10
            2.  Debtor's Waiver of Its Rights Under California Code of Civil Procedure
                § 1179 and California Civil Code § 3275 as a Commercial Tenant Does
                Not Contravene Public Policy

11        The issue of whether the waiver provision in Section 23.1 of the Lease is

12  unenforceable as against settled California public policy is one that can be decided as a

13  matter of law.  *Health Net of California, Inc. v. Department of Health Services,* 113 Cal.

14  App. 4th 224, 232 (2003) ("[T]he issue of whether a contractual provision is contrary to

15  public policy, or a statute which embodies such public policy, is a question of law that we

16  may independently determine").

17        "Two provisions in the [California] Civil Code [i.e., §§ 3268 and 3513] appear to

18  allow waivers of statutory provisions, provided such waivers are not against public

19  policy."  *Pearl v. General Motors Acceptance Corp.*, 13 Cal. App. 4th at 1029.

20        California Civil Code § 3268 provides:

21
22
23
24
            Except where it is otherwise declared, the provisions of the
            foregoing titles of this part, in respect to the rights and
            obligation of parties to contracts, are subordinate to the
            intention of the parties, when ascertained in the manner
            prescribed by the chapter on the interpretation of contracts;
            *and the benefit thereof may be waived by any party entitled
            thereto, unless such waiver would be against public policy.*

25  California Civil Code § 3268 (emphasis added).  However, Civil Code § 3268 by its terms

26  is only applicable to "the provisions of the foregoing titles of this part" (i.e., Titles 1

27  through 15 of Part 4 (Obligations Arising from Particular Transactions) of Division 3

28  (Obligations) of the Civil Code, §§ 1738 through 3267), and does not apply to Code of

Civil Procedure § 1179 and Civil Code § 3275, as neither of these provisions is included

in Titles 1 through 15 of Part 4 of Division 3 of the Civil Code.  Thus, the court determines

that Civil Code § 3268 is not applicable here because any waiver described therein refers

to only Civil Code §§ 1738 through 3267, and does not refers to the provisions relied

upon by Debtor, i.e., Code of Civil Procedure § 1179 and Civil Code §3275.

The other provision permitting waiver of statutory rights, California Civil Code §

3513, provides:

> Any one may waive the advantage of a law intended solely for
> his benefit.  But a law established for a public reason cannot
> be contravened by a private agreement.

California Civil Code § 3513.   The court in *Azteca Construction, Inc. v. ADR Consulting,*

*Inc.*, 121 Cal. App. 4th 1156, 1166 (2004) summarized the method of analysis for

whether a waiver of statutory rights is permitted under California Civil Code § 3513 based

on public policy concerns:

> The full text of Civil Code section 3513 provides: "Anyone may
> waive the advantage of a law intended solely for his benefit.
> *But a law established for a public reason cannot be*
> *contravened by a private agreement.*" As our state Supreme
> Court pointed out, a literal construction of this statute would be
> unreasonable, for "it is difficult to conceive of a statutory right
> enacted *solely* for the benefit of private individuals that does
> not also have an incidental public benefit." (*Bickel v. City of*
> *Piedmont* (1997) 16 Cal.4th 1040, 1049, fn. 4, 68 Cal.Rptr.2d
> 758, 946 P.2d 427. Therefore, a party may waive a statutory
> right where its " 'public benefit ... is merely incidental to [its]
> primary purpose,' " but a waiver is unenforceable where it
> would "'seriously compromise any public purpose that [the
> statute was] intended to serve.'" (*DeBerard Properties, Ltd. v.*
> *Lim* (1999) 20 Cal.4th 659, 668–669, 85 Cal.Rptr.2d 292, 976
> P.2d 843, quoting *Bickel,* at pp. 1049–1050, 68 Cal.Rptr.2d
> 758, 946 P.2d 427.) Stated another way, Civil Code section
> 3513 prohibits a waiver of statutory rights where the "public
> benefit [of the statute] is one of its primary purposes."
> (*DeBerard,* at p. 669, 85 Cal.Rptr.2d 292, 976 P.2d 843.)

*Azteca Construction, Inc. v. ADR Consulting, Inc.*, 121 Cal. App. 4th at 1166 (emphasis in

original).

      i.      Whether Public Benefit Was a Primary Purpose of Statutes

1    First, the court examines whether Debtor's statutory rights under California Code

2   of Civil Procedure § 1179 and California Civil Code § 3275 are not waivable on grounds

3   that the public benefit of these statutes is one of their primary purposes. *Id., citing,*

4   *DeBerard Properties, Ltd. v. Lim,* 20 Cal. 4th at 668-669.   In other words, as stated in

5   *Azteca Construction,* "a party may waive a statutory right where its public benefit . . . is

6   incident to its primary purpose." *Id.*  Thus, the court examines whether the public benefit

7   of the statutes waived by Debtor in Section 23.1 of the Lease under California Code of

8   Civil Procedure §§ 1174 and 1179 and California Civil Code § 3275 was incidental to the

9   purposes of those statutes, or whether the public benefit of those statutes was one of

10  their primary purposes. *Bickel v. City of Piedmont,* 16 Cal. 4th at 1048-1049; *see also*

11  *DeBerard Properties, Ltd. v. Lim,* 20 Cal. 4th at 668-669.

12    Landlord argues that the second waiver requirement under *Bickel* and *DeBerard* is

13  met here because the statutory provision granting the right at issue exists for the benefit

14  of the waiving party rather than for a public purpose. *Landlord's Proposed Findings of*

15  *Fact and Conclusions of Law* § 47, *citing, Bickel v. City of Piedmont,* 16 Cal. 4th at 1049.

16  In support of its position, Landlord argues that Debtor has not met its "heavy burden of

17  proof" to avoid its waiver by showing that the waiver would be violation of the settled

18  public policy of this state, or injurious to the morals of its people." *Landlord's Proposed*

19  *Findings of Fact and Conclusions of Law* § 51-54, *citing inter alia, Brisbane Lodging, LP*

20  *v. Webcor Builders, Inc.,* 216 Cal. App. 4th 1249, 1261 (2013).   However, this argument

21  does not precisely address the question of whether the public benefit of the statutes

22  waived were incidental to their primary purposes or one of their primary purposes.

23  Neither does Debtor address this precise question because it argues that the public

24  policy of California against permitting forfeitures is no less important than the public policy

25  to enable and enable freedom of contract by parties to commercial real property leases.

26  *Debtor's Proposed Findings of Fact and Conclusions of Law*  § 25.

27    The court analyzes the purpose of the statutes which were the subject of Debtor's

28  waiver in order to determine whether or not the public benefit of those statutes was one

of their primary purposes, or incidental to those purposes.  *Bickel v. City of Piedmont,* 16 Cal. 4th at 1048-1049; *see also DeBerard Properties, Ltd. v. Lim,* 20 Cal. 4th at 668-669. A leading commentary on real estate law, Miller and Starr, *California Real Estate 3d,* has described the purpose of these statutes as follows:

> Under appropriate circumstances, a person can be relieved from a forfeiture.  There are three separate statutes that may justify equitable relief to a tenant who has defaulted under the terms of the lease.  Each of these statutes applies after a judgment has been rendered in favor of the landlord that declares a termination of the lease.

Miller and Starr, *California Real Estate 3rd,* § 19:240 (Database updated September 2014) (footnote omitted) *citing* California Code of Civil Procedure §§ 1174 and 1179 and California Civil Code § 3275; [1] *see also,* 12 Witkin*, Summary of California Law,* Real Property, Landlord Tenant Relationship, Relief from Forfeiture, § 670 at 786 (10th ed. 2005 and 2014 Supp.) ("The general statutory declaration of the right to relief from forfeiture (C.C. 3275) is supplemented by C.C.P. 1179, establishing a special proceeding for the relief of a defaulting tenant.").   As such, the primary beneficiary of these statutes is a tenant in a real property lease, and not the general public, and the primary purpose of these statutes is to mitigate the private harm to a real property tenant upon forfeiture of a lease upon termination.[2]  In this case, Debtor as a commercial lease tenant might have benefitted under these statutes to relieve its forfeiture of its tenancy after termination of the lease, which would be a private benefit rather a benefit to the general public.  *See Debtor's Proposed Findings of Fact and Conclusions of Law*  ¶¶ 15-16 (Debtor's art gallery and headquarters are located on the premises governed by the Lease, and

---

[1]  Although California Code of Civil Procedure § 1174 was specifically listed as one of the provisions in Section 23.1 of the Lease as was California Code of Civil Procedure § 1179, Debtor does not argue that § 1174 was not waived in its proposed findings of fact and conclusions of law. *Debtor's Proposed Findings of Fact and Conclusions of Law*  ¶¶ 18-26.  Although not specifically argued, the analysis in this memorandum decision applicable to § 1179 applies to § 1174.

[2]  This analysis is similar to the somewhat brief analysis done by the California Supreme Court in *Bickel*, there determining that any public benefit from a statute which expedited government decisions on permit applications was merely incidental to the legislation's primary purpose because the "primary beneficiary" of the legislation was the applicant. *Bickel v. City of Piedmont,* 16 Cal. 4th at 1048.

7

1   forfeiture would impose financial hardship on Debtor in losing the valuable Lease and

2   related purchase option and its headquarters, gallery and subleasing business).    Based

3   on these circumstances, the court determines that because the primary purpose of the

4   relief from forfeiture statutes was to mitigate private harm from such forfeitures, the public

5   benefit was not the primary purpose of the statutes, and any benefit to the general public

6   was incidental at most.

7           ii.      Whether the Waiver Seriously Compromises the Public Purpose of a
                    Statute
8

9           Determination of whether the provision in Section 23.1 in the Lease for waiver of

10  Debtor's statutory rights to request relief from forfeiture violates "a law established for a

11  public reason" under California Civil Code § 3513 also depends on whether  the waiver

12  "seriously compromise[s] any public purpose that [the statute was] intended to serve."

13  California Civil Code § 3513; *Azteca Construction, Inc. v. ADR Consulting, Inc.*, 121 Cal.

14  App. 4th at 1166, *citing, DeBerard Properties, Ltd. v. Lim,* 20 Cal. 4th at 668-669.   This

15  determination requires the court to consider two apparently competing and long-standing

16  California public policies: the policy in favor of freedom of contract in commercial real

17  property leases and the policy that equity abhors forfeiture.  This is not a novel situation,

18  and tension between these policies has been considered by the courts in the past.  *See,*

19  *e.g., Harbor Island Holdings, L.L.C. v. Kim,* 107 Cal. App. 4th 790, 799 (2003).  The

20  California Court of Appeal in *Harbor Island Holdings, L.L.C. v. Kim* summarized the

21  problem well when it noted that "[i]t is the public policy of the state and fundamental to the

22  commerce and economic development of the state to enable and facilitate freedom of

23  contract by the parties to commercial real property leases . . . it is no less the policy of

24  this state that any provision for the forfeiture of money or property without regard to the

25  actual damage suffered constitutes an unenforceable penalty." 107 Cal. App. 4th at 799,

26  *citing, Ridgley v. Top Thrift & Loan Association,* 17 Cal. App. 4th 970, 977-978 (1998).

27          Freedom of contract in commercial real property leases is well established in

28  California law.  The California legislature enacted Civil Code § 1995.270(a)(1) to declare

8

1   it the public policy of the State of California to "enable and facilitate freedom of contract

2   by the parties to commercial real property leases."  California Civil Code §

3   1995.270(a)(1); *see also, 250 L.L.C. v. PhotoPoint Corp (USA),* 131 Cal. App. 4th 703,

4   718 (2005) *quoting,* California Civil Code § 1995.270(a)(1).[3] Consistent with this public

5   policy, California courts have generally held that commercial tenants may waive their

6   rights under the California Civil Code.  *250 L.L.C. v. PhotoPoint Corp. (USA)*, 131 Cal.

7   App. 4th at 718, *citing, e.g.*, *Lee v. Placer Title Co.*, 28 Cal.App.4th 503, 512-513 (1994)

8   (right to quiet enjoyment) and *Folberg v. Clara G.R. Kinney Co.*, 104 Cal.App.3d 136, 140

9   (1980) (right to notice of rent default).

10       The public policy that equity abhors forfeiture is also well represented in California

11   law. California Civil Code § 1442; *Petersen v. Hartell,* 40 Cal. 3d 102, 112 (1985); *Reed*

12   *v. South Shore Foods, Inc.,* 29 Cal. App. 2d 705 (1964); *Deutsch v. Phillips Petroleum*

13   *Co.,* 56 Cal. App. 3d 586 (1976).  California Civil Code § 1442 specifically provides: "A

14   condition involving a forfeiture must be strictly interpreted against the party for whose

15   benefit it is created."  The policy of abhorring forfeitures has been followed in the case

16   law wherein courts have strictly construed the language of contracts to avoid forfeiture.

17   *See, e.g., Randol v. Scott,* 110 Cal. 590, 595-596 (1895) (strictly construing language of

18   a contract calling for forfeiture of a lease upon the assignment by the co-lessees not to be

19   triggered upon an assignment by operation of law by the bankruptcy of one co-lessee;

20   opinion stating that forfeiture clauses are to be "restrain[ed] . . . to the most technical

21   limits of the terms and conditions upon which the right is to be exercised").

22

23

24   ───────────────
[3] Although the contract in *PhotoPoint* involved an assignment of a lease and California Civil Code §
25   1995.270 is located in a chapter of the California Civil Code entitled "Assignment and Sublease," the court
     can see no good reason to limit the broad policy language in Civil Code § 1995.270 to govern only lease
     assignments and subleases. *e.g. Gregory v. Albertson's, Inc.,* 104 Cal. App. 4th 845, 855 (2002) (applying
26   the language of Civil Code § 1995.270(a)(1) to a commercial lease in general in the situation not involving
     a lease assignment or a sublease where a third party community member asserted claims for urban blight
27   based on California's unfair business practice law against a landlord and a tenant for leaving vacant a large
     retail space in a shopping mall).

28

1      However, courts have also held that California Civil Code § 1442 does not warrant

2  a strained or overly technical construction or artificial distinction where forfeiture is plainly

3  required by the express language of a written instrument.  In *In re Kitchen,* 192 Cal. 384

4  (1923), the California Supreme Court upheld a provision in a decedent's will requiring

5  forfeiture of a bequest to a specific legatee who sued the executor or any other legatee

6  from recovering or enjoying their gifts under the will, despite the specific legatee's claim

7  that the provision violated California public policy against forfeitures.  *Id,* at 387-391.  The

8  specific legatee who had sued the estate for payment of a claim under an alleged oral

9  contract and lost nevertheless asserted her right to a bequest under the will, which

10  according to the forfeiture provision went instead to the residuary legatee.  *Id.* The trial

11  court rejected the specific legatee's argument that another will provision for payment of

12  all the deceased's "just debts" overrode the forfeiture provision and enforced the

13  forfeiture of the bequest pursuant to the express provisions of the will.  *Id.* at 391-392.  As

14  to the effect of the rule to strictly construe a forfeiture provision in an instrument, the

15  California Supreme Court in *Kitchen* said:

16        The rule that a forfeiture clause is to be strictly construed

17        means simply that no wider scope is to be given to the
language employed than is plainly required.  It does not

18        require the court to put a strained or overtechnical construction
upon the language employed, ignoring the essence of the

19        condition imposed upon the legacy and refusing to give effect
to the lawful intention of the testatrix, to enable a legatee to

20        affirm a will so far as it is to her own profit and at the same
time repudiate the validity of its provisions which are for the

21        benefit of others.  No artificial distinctions are to be taken
advantage of or quibbling indulged in to the end that a person

22        plainly and palpably coming with the scope of the forfeiture
clause may by "some hook or crook" escape the penalty of

23        forfeiture.

24  *Id.* at 389-390.  Thus, the court in *Kitchen* upheld the trial court's judgment holding that

25  the specific legatee forfeited her bequest under the terms of the will "for the reason that

26  the intent of the testatrix is so clearly and definitively expressed in the forfeiture clause as

27  to allow no room for any other construction than it was her intent, in the event any suit

28  were brought by a legatee under the will, for any purpose whatsoever, including even the

1  collection of a 'just debt', that the legacy of such beneficiary should thereby become fully

2  and utterly void." *Id*. at 391-392.  To hold otherwise, as the California Supreme Court

3  said in *Kitchen*, "would be allowing the plain intent of the testatrix to be overthrown by

4  indulgence in an overrefinement of reasoning." *Id*. at 391.  The language from the

5  California Supreme Court's opinion from *Kitchen* regarding the effect of the California rule

6  that a forfeiture clause is to be strictly construed was quoted at length by the Ninth Circuit

7  in a case upholding the express language of a commercial lease setting forth conditions

8  of forfeiture over the general California public policy abhorring forfeitures embodied in

9  California Civil Code § 1442 in *Urban Properties Corp. v. Benson, Inc.*, 116 F.2d 321, 323

10  (9th Cir. 1940), *quoting, In re Kitchen,* 192 Cal. at 389.

11                          i.        Application to the Waiver Clause

12          Section 23.1 of the Lease contains the so-called Waiver Clause and provides:

13                  **Tenant hereby waives** for Tenant and all those claiming
                    under Tenant **all right [sic] now or hereafter existing**
14                  including, without limitation, any rights under California Code
                    of Civil Procedure Sections 1174 and 1179 and Civil Code
15                  Section 1950.7 **to redeem by order or judgment of any
                    court or by any legal process or writ, Tenant's right of**
16                  **occupancy of the Premises after any termination of this
                    Lease.**

17

18  Lease § 23.1 (emphasis added).  The admissibility of the Lease into evidence is not

19  disputed. *Trial Exhibit 1, Lease.*

20          Landlord argues that no public purpose prevents a commercial tenant from

21  voluntarily waiving any right to relief from forfeiture in a commercial lease. *Landlord's*

22  *Proposed Findings of Fact and Conclusions of Law* ¶ 51.  Landlord further argues that

23  there is a long established policy in California in favor of freedom of contract in

24  commercial leases. *Landlord's Proposed Findings of Fact and Conclusions of Law* ¶ 53.

25  In opposition, Debtor argues that the public policy of California against permitting

26  forfeitures is set forth in California Code of Civil Procedure § 1179, California Civil Code

27  §§ 1670, 1671, 3275, 3294, 3369, and applicable case law. *Debtor's Proposed Findings*

28  *of Fact and Conclusions of Law* ¶ 25.  As noted previously, the California Supreme Court

in *DeBerard Properties* stated that a waiver is permitted if it "does not seriously compromise any public purpose that [the statute was] intended to serve." *DeBerard Properties, Ltd. v. Lim*, 20 Cal. 4th at 668-669 (citations omitted).

Although it is a rule of equity that forfeitures are abhorred and a court has a duty to interpret an agreement to avoid forfeiture where it is reasonable to do so, it would not be reasonable for the court to interpret Section 23.1 of the Lease to avoid forfeiture in this case because the court also has the duty to interpret the Lease as a contract in accordance with the rules of contractual interpretation under applicable California law. Specifically, California Civil Code § 1638 provides: "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." *See also, Pierce v. Merrill* (1900) 128 Cal. 464, 472 (1900); *Apra v. Aureguy*, 55 Cal. 2d 827, 830 (1961); 1 Witkin, *Summary of California Law,* Contracts, § 741 (Nature of Interpretation) (10th ed. 2005 and 2014 Supp.).

In this court's judgment, the language employed in Section 23.1 of the Lease is clear and explicit and it would not create an absurdity to determine that Debtor has given up its right to avoid forfeiture after termination of the Lease through an express waiver of the right to avoid forfeiture ("***Tenant hereby waives*** for Tenant and all those claiming under Tenant ***all right [sic]*** now or hereafter existing **including, without limitation,** any rights under California Code of Civil Procedure §§ 1174 and 1179 and Civil Code § 1950.7 ***to redeem*** by order or judgment of any court or by any legal process or writ, ***Tenant's right of occupancy of the Premises after any termination of this Lease***") (emphasis added).

This express contractual waiver of the *right* to relief from forfeiture in Section 23.1 of the Lease, not just the specific California Code of Civil Procedure or Civil Code sections cited, is not inconsistent with the public policy declared by the state legislature in Civil Code § 1995.270 encouraging freedom of contract in commercial real property leases and the general public policy to allow contractual waivers of statutory rights as part of the freedom to contract in California as set forth in Civil Code §§ 3268 and 3513.

1    In this court's view, strict construction of the Lease as a contract under California Civil

2    Code § 1442 to nullify the effect of the Waiver Clause in Section 23.1 of the Lease would

3    effectively read it out of the contract made by the parties and goes beyond what is

4    required by Section 1442 in furtherance of the public policy of abhorring forfeitures, which

5    would be inconsistent with the principle of California Civil Code § 1638 to interpret a

6    contract in accordance with its clear and explicit language.  *In re Kitchen,* 192 Cal. at

7    389-391; *In re Urban Properties Corp. v. Benson, Inc.,* 116 F.2d at 323.

8          Short of listing each section of the California Code of Civil Procedure and Civil

9    Code which mention forfeiture, it would be difficult or impossible for parties to more

10   comprehensively waive the right to relief from forfeiture.  The use of the phrase

11   "***including, without limitation***" shows that the waiver of the right to relief from forfeiture

12   of the lease is without limitation, and the statutes cited in Section 23.1 of the Lease,

13   including California Code of Civil Procedure § 1179, are illustrative rather than limiting.

14   Thus, the absence of a reference to California Civil Code § 3275 in Section 23.1 does not

15   prevent the court from determining that Debtor also waived that, or any other, statutory

16   provision which would otherwise provide a basis for relief from forfeiture of the Lease.

17         California case law further supports that a specific citation to the particular statute

18   in the language of a contractual waiver is not necessarily required for an enforceable

19   waiver, that is, a specific statement of the right being waived would be enough to waive

20   the statutory right.  *Pearl v. General Motors Acceptance Corp.*, 13 Cal. App. 4th at 1030.

21   As the court in *Pearl v. General Motors Acceptance Corp.* explained,

22

23                    On its face, this provision makes no mention of section 2815
                      by name.  [Citations omitted].  Further, it does not specifically
                      state Pearl may not revoke the continuing security interest at
24                    any time as to future advances made by GMAC to Palomar.
                      [Citations omitted].  *Such a specific provision presumably*
25                    *would have effectively waived the rights afforded Pearl by*
                      *section 2815.*

26

27

28

13

1   *Id.* at 1031-1032 (emphasis added).[4]   Based on the circumstances recited above, the

2   court determines that the waiver is permitted here because "waiver does not seriously

3   compromise any public purpose that [the statute was] intended to serve."  *DeBerard*

4   *Properties, Ltd. v. Lim*, 20 Cal. 4th at 668-669 (citations omitted).  As discussed above,

5   the public policy of abhorring forfeitures set forth in California Civil Code § 1442 and the

6   case law is not an absolute and would not be seriously compromised here because there

7   are other public policies which may be recognized as governing here to enable and

8   facilitate freedom of contract among private parties on matters generally concerning

9   private benefit as here.  California Civil Code § 3513; *DeBerard Properties, Ltd. v. Lim*,

10  20 Cal. 4th at 668-669 (citations omitted); *see also, In re Kitchen,* 192 Cal. at 389-391; *In*

11  *re Urban Properties Corp. v. Benson, Inc.,* 116 F.2d at 323.

12          Citing *Indusco Management Corp. v. Robertson,* 40 Cal. App. 3d 456 (1974), the

13  Creditors' Committee argues that the phraseology relied upon by Landlord, i.e., "all

14  right[s]" and "including, without limitation" does not mean that rights under California Civil

15  Code §3275 were waived, "particularly when that statute is not included among those

16  listed in the Waiver Clause and given the need for narrow – not broad – construction of

17  the clause."    *Responsive Supplemental Brief of Creditors' Committee,* filed on May 6,

18  2014, at 6.  In *Indusco Management Corp.,* the court addressed whether a guarantor

19  waived the right to assert a defense under the anti-deficiency provisions of California

20  Code of Civil Procedure § 580d in a real estate loan contract providing for a waiver of "all

21  suretyship defenses and defenses in the nature thereof" before the lender made the

22  election of the remedy of nonjudicial foreclosure of the security, thereby destroying the

23  guarantor's subrogation rights and right to proceed against the principal obligor for

24  reimbursement.  40 Cal. App. 3d at 461-462.  The court in *Indusco Management Corp.*

25  held that such waiver was not specific enough to waive the defense based on the anti-

26  

27  [4] Because the provision at issue in *Pearl* did not include a specific statement of the right being waived, and
did not mention Civil Code § 2815 by name, the court was required to consider whether an implicit waiver

28  could be found under the agreement and concluded that it could not so find.  *Id.* at 1032-1033.

1  deficiency provisions of California Code of Civil Procedure § 580d as to the guarantor,

2  stating that "[i]n the absence of an explicit waiver, we will not strain the instrument to find

3  that waiver by implication."  *Id.*  As observed by the court in *Cathay Bank v. Lee,* 14 Cal.

4  App. 4th 1533, 1537-1538 (1993), the analysis in *Indusco Management Corp.* on why the

5  waiver was not sufficiently specific was rather limited, and offered little elaboration to

6  explain the court's reasoning.  The *Indusco* court only stated that the language employed

7  in the waiver could not "fairly be construed to be a specific waiver of the guarantor's

8  defense" and footnoted its conclusion with a quotation from a CEB (i.e., California

9  Continuing Education of the Bar) treatise which stated the necessity for a "creditor's

10  standard form waiver [to] contain a specific waiver based on the creditor's creation of a

11  CCP 580d deficiency bar in favor of the debtor."  *Cathay Bank v. Lee,* 14 Cal. App. 4th at

12  1537-1538, *citing, Indusco Management Corp. v. Robertson,* 40 Cal. App. 3d at 459-462

13  and n. 4.  As the court in *Cathay Bank v. Lee* put it, the task is to determine whether or

14  not the purported waiver provision constitutes an "express" or "explicit" waiver of the

15  defense involved. 14 Cal. App. 4th at 1537. That is, the court must answer the question

16  "what is it, *precisely,* that the [waiving party] is being asked to waive?" 14 Cal. App. 4th at

17  1538.  As discussed in detail above, Debtor's waiver in Section 23.1 of the Lease in this

18  case was explicit enough to constitute an effective waiver of its rights to request relief

19  from forfeiture of the lease, and the answer to the question of what it was being asked to

20  waive is precisely that it was waiving all rights to redeem occupancy of the premises after

21  termination of the lease.  Thus, *Indusco Management's* holding that a waiver of the

22  guarantor's defense of estoppel where the lender elected the nonjudicial foreclosure

23  remedy with no recourse against the principal obligor under the anti-deficiency provisions

24  of California Code of Civil Procedure § 580d was insufficiently explicit is factually and

25  legally distinguishable from this case, and thus inapplicable here.

26       In objecting to Landlord's proposed findings of fact and conclusions of law

27  asserting that California Civil Code § 3513 provides that waiver of relief from forfeiture is

28  enforceable and citing Civil Code § 3509 ("The maxims of jurisprudence hereinafter set

1   forth are intended not to qualify any of the foregoing provisions in this code, but to aid in

2   their just application."), Debtor argues that Civil Code § 3513 "is a mere maxim to aid in

3   the construction of California's statutes, and does not qualify these other anti-forfeiture

4   statutes" (e.g., Civil Code § 3275 and Code of Civil Procedure § 1179).  *Debtor's*

5   *Objections to Landlord's Proposed Findings of Fact and Conclusions of Law,* filed on May

6   20, 2014, at 6 (Civil Code § 3513 cited incorrectly as "Section 3515").  The language of §

7   3513 is fairly close to the statement of the California Supreme Court in *Bickel v. City of*

8   *Piedmont* describing the California jurisprudence of the doctrine of waiver:

9            The term "waiver" means the intentional relinquishment or
10           abandonment of a known right.  A person may waive the
             advantage of a law intended for his or her benefit, but "a law
11           established for a public reason cannot be waived or
             circumvented by a private act or agreement."  "The doctrine of
12           waiver is generally applicable to all of the rights and privileges
             to which a person is legally entitled, including those conferred
13           by statute unless otherwise prohibited by specific statutory
             provisions."

14   *Bickel v. City of Piedmont,* 16 Cal.4th at 1048-1049 and n. 4, *citing and discussing inter*

15   *alia,* California Civil Code § 3513 and California case law, including *Covino v. Governing*

16   *Board,* 76 Cal. App. 3d 314, 322 (1977) and *Outboard Marine Corp. v. Superior Court,* 52

17   Cal. App. 3d 30, 41 (1975).   Debtor's characterization and discounting of California Civil

18   Code § 3513 as a "mere maxim" does not change the analysis here, and as discussed

19   herein, it is this court's view that under the applicable California jurisprudence on the

20   doctrine of waiver, Debtor expressly and validly waived its rights to request relief from

21   forfeiture of the Lease after its termination.

22           The court notes that none of the cases cited by Debtor or the Creditors' Committee

23   held that a waiver of redemption rights is *per se* invalid as contrary to public policy in

24   California.  Moreover, as discussed herein, there is no express statutory prohibition

25   against waivers of rights to relief from forfeiture of leases under California Code of Civil

26   Procedure § 1179 and California Civil Code § 3275.  As such, and in addition to the

27   reasoning herein, the court determines that Debtor has not shown that the public welfare

28   would be adversely affected by allowing waivers of Code of Civil Procedure § 1179 and

1 Civil Code § 3275 between parties to a commercial lease.  As it is the expressed public

2 policy of the State of California to "enable and facilitate freedom of contract by the parties

3 to commercial real property leases" as set forth in California Civil Code § 1995.270(a)(1),

4 the court determines that parties to a commercial lease should generally be free to

5 contract with each other upon such terms as they agree, and accordingly, the court

6 further determines that if two contracting parties in a commercial lease desire to waive

7 specific provisions of the Civil Code, as is the case here, they generally should be free to

8 do so.[5]  *Pearl v. General Motors Acceptance Corp.*, 13 Cal. App. 4th at 1030; *250 L.L.C.*

9 *v. PhotoPoint Corp (USA),* 131 Cal. App. 4th at 718, *quoting,* California Civil Code §

10 1995.270(a)(1).

11      Based on the above analysis, the court determines that in Section 23.1 of the

12 Lease, Debtor expressly waived all of its *rights* to redeem its occupancy after termination

13 of the Lease, and was not waiving only its rights under the statutory provisions

14 specifically cited in Section 23.1.

15
16      iii.    A Grammatical Analysis Further Supports that Debtor Waived its Right to
            Seek Relief from Forfeiture

17      Analyzing the waiver clause of Section 23.1 of the Lease in terms of grammar, it is

18 evident to the court that Debtor had waived all *rights* to redeem its right of occupancy

19 after termination of the Lease.  As discussed in *In re Arnold,* 471 B.R. 578 (Bankr. C.D.

20 Cal. 2012), the court has found grammatical analysis to be a useful aid in statutory

21 interpretation, and similarly, in this case, grammatical analysis would be an aid in

22 interpreting the language of a contract.  In this regard, the court had said about looking at

23 the grammatical structure of a sentence in *Arnold*:

24          "To be a sentence, a group of words must [h]ave a *subject*
            (noun or pronoun), [h]ave a *predicate* (verb or verb phrase)
25          [and e]xpress a *complete thought*."  Laurie Rozakis, *English*

26 _____
[5] The court expresses no opinion on the ability to waive provisions of the Civil Code in non-commercial
27 leases, which are not the subject of California Civil Code § 1995.270(a)(1). cf. California Civil Code § 1953
(declaring certain lease provisions void as contrary to public policy in residential leases, including a
28 residential tenant's waiver of statutory, procedural and other rights).

17

*Grammar for the Utterly Confused* at 116 (2003). (italics in original). "A *sentence* has two parts: a *subject* and a *predicate.* The *subject* includes the noun or pronoun that tells what the subject is about." *Id.* (italics in original). "The *predicate* includes the verb that describes what the subject is doing." *Id.* (italics in original).

In order to understand a subject and a predicate, parts of speech, i.e., noun or pronoun, and verb, must be defined: "A *noun* is a word that names a person, place, or thing. . . . A *pronoun* is a word used in place or a noun or another pronoun. . . . *Verbs* name an action or describes a state of being." *Id.* at 8-9, 12. (italics in original). One type of verb is an *action verb*, which "tell[s] what the subject does." *Id.* at 12. "An action verb can be *transitive* or *[intransitive]. Transitive verbs* need a direct object. . . . *Intransitive verbs* do not need a direct object." *Id.* (italics in original). "A *direct object* is a noun or pronoun that receives the action." *Id.* at 21.

*In re Arnold,* 471 B.R. at 599-600.

Using this method of grammatical analysis in this case, the court determines the subject of the sentence in the so-called Waiver Clause in Section 23.1 of the Lease is "Tenant." An adjectival phrase modifying "Tenant" is the phrase "for Tenant and all those claiming under Tenant." The court next determines the verb of the sentence as part of the predicate of the sentence is "waives." According to the Merriam-Webster Online Dictionary, the word "waive" is a transitive verb, and two of its meanings relevant here are: "4 a: to relinquish voluntarily (as a legal right) <waive a jury trial" and "[4] b: to refrain from pressing or enforcing (as a claim or rule): FORGO <waive the fee>." Merriam-Webster Online Dictionary, www.merriam-webster.com/dictionary/waive (2014); *see also, Cathay Bank v. Lee,* 14 Cal. App. 4th at 1539 ("Waiver is the intentional relinquishment of a *known* right.") (emphasis in original; citation omitted). As noted in *Arnold,* a transitive verb requires a direct object, or the thing that receives the action/verb, which is here: "All right[s] . . . to redeem by order or judgment of any court or by any legal process or writ, Tenant's right of occupancy of the Premises after any termination of this Lease." The adjectival phrase "now or hereafter existing" modifies the direct object. The adjectival phrase "including, without limitation, any rights under California Code of Civil Procedure §§ 1174 and 1179 and Civil Code Section § 1950.7" also modifies the direct object.

1   Thus, boiled down to its essence, the sentence with the Waiver Clause in the Lease may

2   be understood to read as follows: "Tenant (the subject), hereby waives (predicate), all

3   right[s] . . . to redeem . . . tenant's right of occupancy of the Premises after any

4   termination of [the] lease (thus, expressing a complete thought)."

5       Debtor does not disagree with the method of grammatical analysis as it had at trial

6   submitted two charts analyzing the structure of the sentence containing the Waiver

7   Clause in a similar manner, but reached a different conclusion in reading the sentence as

8   not constituting a waiver of its rights to redeem its right of occupancy on grounds that the

9   adjectival phrase of "including, without limitation, any rights under California Code of Civil

10  Procedure §§ 1174 and 1179 and Civil Code § 1950.7" which modifies the direct object in

11  the sentence, i.e., all rights to redeem occupancy (shortened here), was ambiguous.  The

12  court finds that this adjectival phrase and the sentence as a whole are not ambiguous.

13  As discussed in this decision, the sentence is clear that Debtor as Tenant waived all

14  rights to redeem occupancy of the premises upon termination of the Lease, whether

15  specifically enumerated or not.

16      Thus, a grammatical analysis of the contractual language in Section 23.1 of the

17  Lease reinforces the court's interpretation of the Waiver Clause in Section 23.1 of the

18  Lease that Debtor clearly and explicitly waived all rights to redeem its right of occupancy

19  of the leased premises after termination of the Lease, and not just the rights under the

20  specifically listed California code provisions.

21       iv.    The Scope of Lease Section 23.1 Does Not Relate Only to Debtor's Right of
              Occupancy of the Premises, But Also to Debtor's Right to Relief from
22               Forfeiture of the Lease

23      Debtor argues the scope of waiver language in Section 23.1 of the Lease at most

24  relates to its right to redeem its right of occupancy of the premises, but it does not relate

25  to its right to relief from forfeiture of the Master Lease.  *Debtor's Proposed Findings of*

26  *Fact and Conclusions of Law* ¶ 19.  However, the court does not agree with Debtor's

27  argument that there is a difference between the right to occupancy and the right to relief

28  from forfeiture.  As discussed above, Section 23.1 of the Lease expressly provides that in

the event of any termination of the Lease, Debtor is precluded from seeking to redeem its

prior right of occupancy under the Lease.  This waiver of Debtor's right to redeem its

occupancy logically extends to its right to any relief from forfeiture.  Definitions of the

terms, "occupancy" and "forfeiture," are set forth in Black's Law Dictionary as follows:

> **forfeiture** *n.* (14c) **1.** The divestiture of property without compensation. **2.** The loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty. • Title is instantaneously transferred to another, such as the government, a corporation, or a private person. **3.** Something (esp. money or property) lost or confiscated by this process; a penalty. — **forfeit,** *vb.* — **forfeitable,** *adj.*
>
> ***
>
> **occupancy.** (16c) **1.** The act, state, or condition of holding, possessing, or residing in or on something; actual possession, residence, or tenancy, esp. of a dwelling or land. • In this sense, the term denotes whatever acts are done on the land to manifest a claim of exclusive control and to indicate to the public that the actor has appropriated the land. Hence, erecting and maintaining a substantial enclosure around a tract of land usually constitutes occupancy of the whole tract. **constructive occupancy.** A manifest intent to occupy property physically, followed within a reasonable time by actual occupancy. **2.** The act of taking possession of something that has no owner (such as abandoned property) so as to acquire legal ownership. See adverse possession. **3.** The period or term during which one owns, rents, or otherwise occupies property. **4.** The state or condition of being occupied. **5.** The use to which property is put.

*Black's Law Dictionary,* at 722 and 1184 (9th ed. 2009).  To seek relief from forfeiture is

to seek redress from the "divestiture of property" or the "loss of a right . . . or property."

*Id.*  The right of occupancy is the "act, state, or condition of holding, possessing, or

residing in or on something; actual possession, residence, or tenancy esp. of a dwelling

or land."  *Id.*  When Debtor waived its right to redeem its right of occupancy in Section

23.1 of the Lease (thus meaning its right to tenancy of a dwelling or land), the waiver of

such right consequently extended to any request by Debtor to seek relief from forfeiture

(meaning redress from this loss of a right/property).  *Id.; Trial Exhibit 1, Lease,* § 23.1.

Moreover, California Code of Civil Procedure § 1179, which was specifically cited in Section 23.1 of the Lease is a provision *for relief from forfeiture*, not a provision for the right to redeem a right of occupancy.  Section 1179 provides:

> The court may *relieve a tenant against a forfeiture* of a lease or rental agreement, whether written or oral, and whether or not the tenancy has terminated, and restore him or her to his or her former estate or tenancy, in case of hardship, as provided in Section 1174.  The court has the discretion to relieve any person against forfeiture on its own motion.

California Code of Civil Procedure § 1179. (emphasis added).  The express inclusion of Section 1179 of California Code of Civil Procedure in Section 23.1 of the Lease thus undermines Debtor's argument that there is a distinction to be drawn between the right to occupancy and the right to relief from forfeiture.   Accordingly, the court must reject Debtor's argument that the scope of waiver language in  Section 23.1 only "at most" relates to its right to redeem its right of occupancy of the premises, and not to its right to relief from forfeiture of the Lease.

  v. California Civil Code § 3268 Does Not Support Debtor's Argument that California Code of Civil Procedure § 1179 and California Civil Code § 3275 are Non-Waivable

Finally, Debtor argues that California Code of Civil Procedure § 1179 and California Civil Code § 3275 are non-waivable because while California Civil Code § 3268 expressly provides that certain Civil Code lease-related provisions are ones that may be waived or modified by agreement, it did not similarly provide that California Code of Civil Procedure § 1179 or California Civil Code §§ 1670, 1671, 3275, 3294, and 3369 are waivable.  *Debtor's Proposed Findings of Fact and Conclusions of Law* ¶ 26.   Thus, it appears that Debtor is arguing that because the California legislature designated certain commercial lease-related statues as waivable pursuant to California Civil Code § 3268 and did not similarly provide that other provisions, such as Code of Civil Procedure § 1179 and Civil Code § 3275 are waivable, such provisions are not waivable as a matter of public policy.  However, the court's reading of Civil Code § 3268 does not support Debtor's argument.

1    Civil Code § 3268 states: "Except where it is otherwise declared, the *provisions of*

2    *the foregoing titles* of this part, in respect to the rights and obligation of parties to

3    contracts, are subordinate to the intention of the parties, when ascertained in the manner

4    prescribed by the chapter on the interpretation of contracts; and the benefit thereof may

5    be waived by any party entitled thereto, unless such waiver would be against public

6    policy."  California Civil Code § 3268 (emphasis added).  As previously noted, Section

7    3268 applies to the "foregoing titles of this part," which refers to statutes preceding that

8    provision (i.e. Titles 1 to 15 of Part 4 of Division 3 of the Civil Code, §§ 1738 through

9    3267), but the legislature's silence as to statutes following Section 3268 does not

10    necessarily mean the rights conferred by statutes following Section 3268 or in a different

11    state code, i.e., California Code of Civil Procedure § 1179, are non-waivable.  In this

12    court's view, given the wording of Section 3268 as being applicable to the "foregoing titles

13    of this part," this only means that the section is only applicable to the statutes in those

14    titles and has no applicability to other statutes.  Thus, the court is compelled to reject

15    Debtor's argument that the rights conferred by Code of Civil Procedure § 1179 and Civil

16    Code § 3275 are not waivable because Civil Code § 3268 did not specifically provide that

17    the rights under those statute are waivable as not supported by the express language of

18    the section.

19    vi.    Conclusion

20    Accordingly, the court concludes that Debtor's rights under California Code of Civil

21    Procedure § 1179 and California Civil Code § 3275 to seek relief from forfeiture of the

22    Lease are waivable because: (1) no statute prohibits waiver of such rights, (2) a waiver

23    of such rights does not contravene public policy, and (3) the public policy of freedom of

24    contract in commercial leases declared in Civil Code § 1995.270(a)(1) supports that the

25    rights to relief from forfeiture of a lease under Code of Civil Procedure § 1179 and Civil

26    Code § 3275 are waivable.  Although the court recognizes the general equitable principle

27    that forfeiture clauses must be strictly interpreted against the party for whose benefit it is

28    created, it would not be reasonable for this court to interpret Section 23.1 of the Lease as

1   not expressly waiving Debtor's right to relief from forfeiture of the Lease under both

2   California Code of Civil Procedure § 1179 and California Civil Code § 3275 based on the

3   language of the parties' contract and the absence of any statutory prohibition or public

4   policy against such waiver.  Because the court concludes that Debtor's waiver of its rights

5   to relief from forfeiture of the Lease is not prohibited by statute and does not contravene

6   public policy, the court must next determine whether the waiver of such rights was

7   "knowing and intelligent" in order to be valid and enforceable.

8        B.  Debtor's Waiver of the Right to Relief from Forfeiture Was a "Knowing and
             Intelligent" Waiver.

9

10       As previously noted, waiver has been defined as "the intentional relinquishment or

11  abandonment of a known right."  *Bickel v. City of Piedmont,* 16 Cal. 4th at 1048 (citations

12  omitted).  "Waiver requires a voluntary act, knowingly done, with sufficient awareness of

13  the relevant circumstances and likely consequences" and "[t]he burden is on the party

14  claiming a waiver to prove it by evidence that does not leave the matter doubtful or

15  uncertain and the burden must be satisfied by clear and convincing evidence that does

16  not leave the matter to speculation."   *In re Marriage of Moore*, 113 Cal. App. 3d 22, 27

17  (1980).   "To constitute a waiver, there must be an existing right, knowledge of the right,

18  and an actual intention to relinquish the right."  *Bickel v. City of Piedmont,* 16 Cal. 4th at

19  1053 (citation omitted).  "The waiver may be either express, based on the words of the

20  waiving party, or implied, based on the conduct indicating an intent to relinquish the

21  right."  *Id.* (citation omitted).

22       Landlord argues that Debtor's waiver of its rights to relief from forfeiture was both

23  knowing and voluntary because numerous drafts of the Lease were exchanged prior to its

24  execution, Section 23.1 of the Lease was among the provisions that were revised by

25  Debtor's counsel in the various drafts of the Lease, and the Lease was signed by

26  Debtor's principal, Douglas Chrismas.  *Landlord's Proposed Findings of Fact and*

27  *Conclusions of Law* ¶ 58.  In response, Debtor argues that Landlord has failed to prove

28  that it understood its rights under California Code of Civil Procedure § 1179 and § 3275.

1  *Debtor's Proposed Findings of Fact and Conclusions of Law* ¶ 23, *citing, Trial Transcript,*

2  *August 30, 2013, at page 124, lines 11-14, page 125, lines 8-22);[6] Debtor's Proposed*

3  *Findings of Fact and Conclusions of Law* ¶ 22.

4          The court finds that Landlord has established by clear and convincing evidence,

5  and thus meeting its burden, in showing that Debtor made a "knowing and intelligent"

6  waiver of all of its rights to redeem its right of occupancy of the premises after any

7  termination of the Lease, including California Code of Civil Procedure § 1174 and 1179

8  and California Civil Code § 3275.  The court specifically observes that there is no factual

9  dispute that the Lease "was heavily negotiated by the Debtor and the Landlord, both of

10  whom were represented by their respective experienced and sophisticated real estate

11  counsel in connection with such negotiations" and "[n]umerous drafts of the Master Lease

12  were exchanged prior to its execution."  *Landlord's Proposed Findings of Fact and*

13  *Conclusions of Law* ¶ 58; *Debtor's Proposed Findings of Fact and Conclusions of Law* ¶

14  3; *see also, Trial Exhibit 1, Lease,* § 31.7 ("The parties hereto acknowledge and agree

15  that each has participated in the negotiation and drafting of this Lease . . . .").  Thus,

16  because the Lease was a commercial lease negotiated by the parties represented by

17  experienced and sophisticated real estate counsel, there were numerous drafts of the

18  Lease circulated among the parties, including numerous revisions to Section 23.1, the

19  specific provision at issue in this matter, and the Lease was signed by Mr. Chrismas,

---

20  [6] The court has reviewed the transcript from the trial conducted on August 30, 2013, and the pages Debtor
21  cited to in paragraph 23 of its proposed findings of fact and conclusions of law relate to testimony regarding
    Debtor's receipt of subtenant rents on its monthly operating report for March 2013, not to any testimony
22  regarding the negotiations of the Lease and waiver of rights to request relief from forfeiture California Code
    of Civil Procedure § 1179. See *Trial Transcript of August 30, 2013* at 124-125, ECF 334 at 128-129.  Upon
23  further research, it turns out that the citation should have been to the *Trial Transcript of August 19, 2013* at
    124-125, ECF 332 at 129-130.  The court has reviewed the transcript of Mr. Chrismas' testimony on his
    experience in negotiating real estate leases, including the Lease which is the subject of this litigation, and
24  his familiarity with Section 23.1 of the Lease, including the Waiver Clause.  *Trial Transcript of August 19,*
    *2013* at 122-125, ECF 332 at 127-130 (cited correctly in *Debtor's Objections to Landlord's Proposed*
25  *Findings of Fact and Conclusions of Law* at 7).  Mr. Chrismas testified that when he signed the Lease on
    behalf of Debtor, he did not have familiarity with the rights that exist under Sections 1174 and 1179 of
26  California Code of Civil Procedure, and upon further examination of counsel, his recollection was not
    refreshed on that point.  *Id.*  The court does not give much weight to this testimony in isolation because the
27  totality of the circumstances as discussed herein indicate that Debtor's waiver of rights set forth in Section
    23.1 was knowing and voluntary by clear and convincing evidence.
28

1    Debtor's principal, the court finds that Landlord has met its burden in showing that

2    Debtor's waiver of its right to redeem its right of occupancy of the premises after any

3    termination of the Lease was knowing and voluntary.  *Landlord's Proposed Findings of*

4    *Fact and Conclusions of Law* ¶ 58, *citing inter alia, Trial Exhibit 1, Lease,* § 31.7, Terms

5    and Headings ("The parties hereto acknowledge and agree that each has participated in

6    the negotiation and drafting of this Lease; . . . ."), *Stipulated Joint Pre-Trial Order re:*

7    *Motion to Assume Master Lease,* ECF 305 at 2 ¶ 4 ("The Master Lease was heavily

8    negotiated by the Debtor and the Landlord, both of whom were represented by their

9    respective experienced and sophisticated real estate counsel in connection with such

10   negotiations.  Numerous drafts of the Master Lease were exchanged prior to its

11   execution."), *Direct Testimony of Bradley A. Van Auken in Support of Landlord's*

12   *Opposition to Debtor's Motion to Assume Master Lease,* ECF 272 at 7-8, ¶¶ 19-20

13   (testifying as Landlord's representative in negotiations of the Lease that Debtor made

14   changes in Section 23.1 of the Lease, but executed the Lease with the Waiver Clause in

15   Section 23.1), *Declaration of Sidney P. Levinson in Support of Landlord's Opening Brief*

16   *on Remand,* ECF 500, ¶ 4, Exhibit B, *Excerpt of Trial Exhibit 102* (redlined draft of Lease

17   showing changes in Section 23.1), *Trial Exhibit 1, Lease,* at 27 and *Trial Testimony of*

18   *Douglas Chrismas,* August 19, 2013, ECF 332 at 122:24 – 123:12 (testimony of Douglas

19   Chrismas that he had experience negotiating real estate leases and was personally

20   involved in the negotiation of the Lease and was represented by a lawyer in that

21   negotiation);  *see also, Debtor's Proposed Findings of Fact and Conclusions of Law* ¶ 3

22   ("The Master Lease was heavily negotiated by the Debtor and the Landlord, both of

23   whom were represented by their respective experienced and sophisticated real estate

24   counsel in connection with such negotiations.  Numerous drafts of the Master Lease were

25   exchanged prior to its execution.").  In this regard, the court notes that the public policy

26   concerns that may apply to the unequal bargaining positions of residential tenants and

27   landlords do not apply to a commercial lease.  *See, e.g.,* California Civil Code § 1953

28   (declaring certain lease provisions void as contrary to public policy in residential leases,

1   including a residential tenant's waiver of statutory, procedural and other rights);

2   *Schulman v. Vera*, 108 Cal. App. 3d 552, 561 (1980) (stating that under a commercial

3   lease, "parties are more likely to have equal bargaining power" than is the case under a

4   residential lease).   The evidentiary record of the history of this commercial lease and its

5   negotiation and approval by experienced and sophisticated business parties (including

6   Debtor by its principal, Mr. Chrismas), which negotiated and signed the lease with the

7   assistance of specialized real estate counsel, and after exchanging numerous drafts, is

8   ample to show by clear and convincing evidence that Debtor's waiver of the rights to

9   request relief from forfeiture of the lease was both knowing and intelligent.

10          The technical requirements of a waiver as stated by the California Supreme Court

11  in *Bickel v. City of Piedmont* are: (1) there must be an existing right; (2) knowledge of the

12  right, and (3) an actual intention to relinquish the right.   *Bickel v. City of Piedmont,* 16 Cal.

13  4th at 1053 (citation omitted).  "The waiver may be . . . express, based on the words of

14  the waiving party . . . ." *Id.* Here, these requirements are met and shown primarily by the

15  written expression of Debtor in negotiating and signing the Lease, which included the

16  waiver provision in Section 23.1.  *Trial Exhibit 1, Lease,* § 23.1 and Signature Pages;

17  *Trial Exhibit 1, Lease,* § 31.7, Terms and Headings ("The parties hereto acknowledge

18  and agree that each has participated in the negotiation and drafting of this Lease; . . . ."),

19  *Stipulated Joint Pre-Trial Order re: Motion to Assume Master Lease,* ECF 305 at 2 ¶ 4

20  ("The Master Lease was heavily negotiated by the Debtor and the Landlord, both of

21  whom were represented by their respective experienced and sophisticated real estate

22  counsel in connection with such negotiations.  Numerous drafts of the Master Lease were

23  exchanged prior to its execution."); *see also, Palmquist v. Mercer,* 43 Cal. 2d 92, 98

24  (1954) *quoting, Smith v. Occidental & Oriental Steamship Co.,* 99 Cal. 462, 470-471

25  (1893) ("The general rule is that when a person with the capacity of reading and

26  understanding an instrument signs it, he is, in the absence of fraud and imposition, bound

27  by its contents, and is estopped from saying that its provisions are contrary to his

28  intentions or understanding").

The express language of Section 23.1 of the Lease demonstrates that Debtor as the tenant under the Lease had the rights to redeem by order or judgment of any court or by any legal process or writ its right of occupancy of the premises after termination of the Lease, including without limitation, any rights under California Code of Civil Procedure §§ 1174 and 1179 and California Civil Code § 1950.7. *Id.*  As previously discussed herein, the court has determined that Debtor also had rights to redeem occupancy of the premises after termination of the Lease pursuant to California Civil Code § 3275. Debtor's knowledge of its rights to redeem occupancy of the premises after termination of the Lease is demonstrated by the express reference to these rights in the Lease, which Debtor negotiated and signed, in Section 23.1.  *Trial Exhibit 1, Lease,* §§ 23.1 and  § 31.7, *Stipulated Joint Pre-Trial Order re: Motion to Assume Master Lease,* ECF 305 at 2 ¶ 4.  Debtor's actual intention to relinquish these rights is manifested and shown in the Lease, which it negotiated and signed, in Section 23.1 as indicated in the words employed in that section, specifically the words, "Tenant hereby waives for Tenant and all those claiming under Tenant."  *Id.*  The facts that both parties, Landlord and Tenant, were represented in the negotiations by experienced and sophisticated real estate counsel, that numerous drafts were exchanged in the negotiations and that Debtor's principal, Mr. Chrismas, who signed the Lease for Debtor, had experience negotiating leases and had personally participated in the negotiation of the Lease further supports the court's determination that the waiver in Section 23.1 was knowing and intentional. *Stipulated Joint Pre-Trial Order re: Motion to Assume Master Lease,* ECF 305 at 2 ¶ 4; *Direct Testimony of Bradley A. Van Auken in Support of Landlord's Opposition to Debtor's Motion to Assume Master Lease,* ECF 272 at 7-8, ¶¶ 19-20; *Declaration of Sidney P. Levinson in Support of Landlord's Opening Brief on Remand,* ECF 500, ¶ 4, Exhibit B, *Excerpt of Trial Exhibit 102; Trial Exhibit 1, Lease,* at 27 and *Trial Testimony of Douglas Chrismas,* August 19, 2013, ECF 332 at 122:24 – 123:12.  Based on these circumstances, the court determines that Landlord has established by clear and convincing evidence, and thus meeting its burden, in showing that Debtor made a

"knowing and intelligent" waiver of all of its rights to redeem its right of occupancy of the premises after any termination of the Lease, including California Code of Civil Procedure § 1174 and 1179 and California Civil Code § 3275.

1. The Waiver of California Code of Civil Procedure § 1179 Is Not an Unenforceable Penalty

An additional argument made by the Creditors' Committee, but not made by Debtor, is that the Waiver Clause of Section 23.1 of the Lease is invalid and unenforceable because it is an illegal penalty.  Specifically, the Creditors' Committee argues that the Waiver Clause is an unenforceable penalty because: (1) it is designed simply to secure payment of rent; (2) it compels forfeiture; and (3) it purports to take effect under all circumstances, without regard to the basis for termination, the nature of the default, or the actual damages suffered by the aggrieved party.  *Memorandum of the Official Committee of Unsecured Creditors in Support of Debtor's Request for Relief from Forfeiture of Master Lease with AERC Desmond's Tower, LLC,* filed on March 21, 2014, at 10-14.

In response, Landlord responds that the Creditors' Committee's argument confuses the termination of the Lease with the waiver of the right to relief from forfeiture – the waiver is not itself a forfeiture, penalty or other consequence of termination, but rather a waiver of a right to seek relief from forfeiture; thus, the law applicable to penalties is inapposite.  *Landlord's Responsive Brief on Remand,* filed on April 8, 2014, at 11-12.  On this point, the court agrees with Landlord and concludes that the Waiver Clause is an unenforceable penalty.  The Waiver Clause itself does not impose any monetary penalty upon Debtor as a consequence of its default under the Lease, and its purpose and effect are not to secure payment of rent, but to insure termination of the Lease on the tenant's default.  Moreover, the Waiver Clause did not compel any forfeiture by Debtor; rather, the forfeiture in this case was caused by Debtor's default under the Lease, which constituted grounds for termination of the Lease as reflected in the District Court Judgment and related orders.

C.   Conclusion

Accordingly, for the foregoing reasons, the court determines that the Debtor validly and expressly waived its rights to seek relief from forfeiture of the Lease under both California Code of Civil Procedure § 1179 and California Civil Code § 3275.

II.   **The Court Need Not Reach the Issues of Whether Debtor is Substantively Entitled to Relief from Forfeiture Under California Code of Civil Procedure § 1179 or California Civil Code § 3275 or Whether Debtor Can Satisfy 11 U.S.C. § 365(b)(1).**

Because Debtor validly waived its rights under California Code of Civil Procedure § 1179 and California Civil Code § 3275 to request relief from forfeiture of the Lease, the court need not determine Debtor's claims that it is substantively entitled to relief from forfeiture under those provisions.  Thus, because it is the law of the case as set forth in the District Court Judgment that the Lease was terminated on Debtor's default and this court has now determined on remand that Debtor may not obtain relief from forfeiture under either California Code of Civil Procedure § 1179 and California Civil Code § 3275, the court does not reach Debtor's claim that it may assume the Lease if it cures the rent arrearages and provides adequate assurance of future performance as required by 11 U.S.C. § 365.  *See, In re Windmill Farms, Inc.,* 841 F.2d at 1469, 1471-1472 (if a lease is terminated under California law, there is nothing to assume unless it can be saved from forfeiture under the anti-forfeiture provisions of California law).  Accordingly, Debtor's motion to assume the Lease under 11 U.S.C. § 365 should be denied.

///

**III.**    **Conclusion**

For the foregoing reasons, Debtor's request for relief from forfeiture of the Lease and its motion to assume the Lease under 11 U.S.C. § 365 should be denied.  This memorandum decision constitutes the court's findings of fact and conclusions of law. Counsel for Landlord is ordered to submit a proposed judgment consistent with this decision.

IT IS SO ORDERED.

###

Date: September 18, 2014

_____

Robert Kwan
United States Bankruptcy Judge