1  Victor A. Sahn (CA Bar No. 97299)
      vsahn@sulmeyerlaw.com
2  Daniel A. Lev (CA Bar No. 129622)
      dlev@sulmeyerlaw.com
3  Asa S. Hami (CA Bar No. 210728)
      ahami@sulmeyerlaw.com
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520

Attorneys for Official Committee of Unsecured Creditors    CHANGES MADE BY COURT

**FILED & ENTERED**

MAR 09 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, a California corporation,<br><br>　　　　　Debtor. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>**ORDER APPROVING "STIPULATION TO CONFER STANDING AND AUTHORITY ON OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PURSUE AND PROSECUTE ACTION AND CLAIMS FOR RELIEF AGAINST BEN JEWELRY, INC., DBA SOUTH BEVERLY-WILSHIRE JEWELRY & LOAN, AND DBA THE DINA COLLECTION, ON BEHALF AND FOR THE BENEFIT OF THE BANKRUPTCY ESTATE"**<br><br>[Stipulation at Docket No. 902] |

//
//
//

ASH\ 2444010.1

1       Pending before the court are the "Stipulation to Confer Standing and Authority on
2  Official Committee of Unsecured Creditors to Pursue and Prosecute Action and Claims for
3  Relief Against Ben Jewelry, Inc., dba South Beverly-Wilshire Jewelry & Loan, and dba
4  The Dina Collection, on Behalf and for the Benefit of the Bankruptcy Estate" (the
5  "Stipulation"), entered by and between the Official Committee of Unsecured Creditors in
6  the above-captioned case, on the one hand, and Art and Architecture Books of the 21st
7  Century, the above-captioned debtor and debtor in possession, on the other hand, and the
8  objection thereto by Ben Jewelry, Inc.  The court set the Stipulation for hearing by on
9  March 10, 2015, in light of the objection.  However, having now considered the
10 stipulation, objection, and reply, the court determines that oral argument is not necessary,
11 dispenses with oral argument, vacates the hearing set for March 10, 2015, and rules on the
12 Stipulation and approves it.
13     The court determines that the Stipulation to allow the Committee to prosecute
14 claims on behalf of the bankruptcy estate strictly for the benefit of the estate is appropriate
15 under the circumstances. As described in the Stipulation, Debtor's current bankruptcy
16 counsel formerly represented Ben Jewelry in an unrelated matter, and good cause is shown
17 to allow the Committee to bring these claims for the estate.  The cases cited by the parties,
18 *Seaplace Shipping Ltd. v. Parekh (In re Parmetex, Inc.),* 199 F.3d 1029, 1030-1031 (9th
19 Cir. 1999) and *In re Spaulding Composites Co.*, 207 B.R. 899, 903-904 (9th Cir. BAP
20 1997) recognize the bankruptcy court's authority to authorize suit by creditors or the
21 creditors' committee to litigate claims on behalf of the bankruptcy trustee or debtor-in-
22 possession in Chapter 11.   The Bankruptcy Appellate Panel of the Ninth Circuit in
23 *Spaulding Composites Co.* further recognized that this creditor authorization to proceed on
24 behalf of the estate may be allowed through stipulated representation and that such
25 authorization may be retroactive, though the better practice is advance approval.  207 B.R.
26 at 904-905.  The cases cited by the objecting party, Ben Jewelry, Inc., do not support its
27 objection to the stipulation.  *In re Summers,* 332 F.3d 1240 (9th Cir. 2003)(case inapposite
28 to this case as that case involved determination that bankruptcy trustee in wife's Chapter 7

ASH\ 2444010.1                         2

bankruptcy case could not claim that the property of the estate included nondebtor husband's interest in joint tenancy property); *People ex rel. Younger v. Andrus,* 608 F.2d 1247 (9th Cir 1979)(case inapposite to this case because that case involved a failure of the allegedly aggrieved party to claim environmental injury for purposes of the National Environmental Policy Act and did not involve derivative standing as in this case); *In re Folks,* 211 B.R. 378 (9th Cir. BAP 1997)(case factually distinguishable from this case because the claim in that case belonging to the bankruptcy estate of a corporate Chapter 7 debtor was abandoned to creditor which had standing to sue, but statute of limitations on claim barred suit); *In re Curry and Sorensen, Inc.,* 57 B.R. 824 (9th Cir. BAP 1986)(case factually distinguishable because the creditors lacked standing to sue because they had not sought or obtained court authorization or the estate's consent to assert fraudulent transfer claims on behalf of the Chapter 11 bankruptcy estate; the case does not support Ben Jewelry, Inc.'s argument that its consent to suit is required here).

Ben Jewelry, Inc., argues that counsel for Debtor should sign the Stipulation rather than the Debtor's principal pursuant to Rule 11(a) of the Federal Rules of Civil Procedure; *see also,* Rule 9011(a) of the Federal Rules of Bankruptcy Procedure; Local Bankruptcy Rule 9011-2.  While normally an entity must appear through counsel, the court determines that the circumstances here justify a departure from the general rule requiring counsel's signature because current counsel for debtor-in-possession may have ethical concerns due to prior representation of Ben Jewelry, Inc., in an unrelated matter. Therefore, the court determines that debtor's principal, the 100-percent shareholder and president, may be allowed to sign a pleading for the limited purpose of allowing another party to represent the interests of the bankruptcy estate in litigation.  Local Bankruptcy Rule 1001-1(d) (recognizing the court's discretion to waive the application of local bankruptcy rules or make additional orders as it deems appropriate in the interests of justice); *see also,* Rule 1001 of the Federal Rules of Bankruptcy Procedure ("These rules shall be construed to secure the just, speedy and inexpensive determination of every case and proceeding."); Rule 1 of the Federal Rules of Civil Procedure (substantially similar language). The court

ASH\ 2444010.1                    3

deems it appropriate to allow the debtor's principal to sign the stipulation in order to avoid the unnecessary expense of retaining independent counsel for this limited purpose and to protect the interests of the estate through the conduct of litigation.  This authorization in no way detracts from the ability of Ben Jewelry, Inc. to defend its interests in the litigation or diminishes the obligations of the Committee to the estate in representing its interests in the litigation.

Therefore, the court determines that good cause is shown here, and the Stipulation is approved, effective as of February 18, 2015.

IT IS SO ORDERED.

###

Date: March 9, 2015

_____
Robert Kwan
United States Bankruptcy Judge

ASH\ 2444010.1

4