

FILED & ENTERED

FEB 01 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:13-bk-14135-RK |
| **ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, a california corporation,** | Chapter 11 |
| Debtor. | **ORDER GRANTING AERC'S MOTION FOR AUTHORITY TO DEPOSIT CASHIER'S CHECK IN ESCROW** |
| | Hearing:<br>Date: February 3, 2016<br>Time: 9:00 a.m.<br>Place: Courtroom 1675<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Pending before the court is the Motion for Authority to Deposit Cashier's Check in Escrow ("Motion"), ECF 1622, filed by AERC Desmond's Tower, LLC ("AERC"). The Official Committee of Unsecured Creditors ("Committee") filed a joinder in support of the Motion, ECF 1655. Debtor filed a limited opposition ("Limited Opposition") to the Motion, ECF 1657, and AERC filed a reply ("Reply") thereto on, ECF 1691.

Having considered the Motion, Joinder, Opposition and Reply, and the declarations and exhibits attached thereto, the court determines that oral argument is unnecessary, dispenses with further argument, takes the Motion under submission and rules as follows.

Since the United States District Court for the Central District of California vacated the court's Assumption Order, ECF 356 and 359, on January 12, 2014, and various subsequent and related proceedings involving Debtor, Committee, and AERC, including two appeals to the United States Court of Appeals for the Ninth Circuit, remain pending, and given that the cashier's check ("Check")[1] might be subject to escheatment to the State of California pursuant to California Code of Civil Procedure § 1513(a)(4) if it remains outstanding for more than three years from the date of its issuance, the court determines that there is a reasonable basis for authorizing the Check, delivered by Debtor to AERC's counsel on September 16, 2013 as a purported cure payment pursuant to this court's Assumption Order, to be deposited into a client trust bank account held by AERC's counsel pending further order of this court.

Debtor's Limited Opposition does not oppose AERC's request to deposit the Check into a client trust account held by AERC's counsel pending further order of this court, nor does it oppose that such deposit will have no impact or effect on the respective positions of Debtor, AERC, or Committee. Debtor does take issue, however, with AERC's request that, "AERC shall not be deemed to have either accepted or rejected any cure payment pursuant to the Assumption Order . . .," arguing that the requested language does not merely reserve rights and defenses (which Debtor consents to), but instead provides "a specific legal conclusion without limitation that AERC has neither 'accepted [n]or rejected' any cure payment, which goes beyond the reservation of rights and alters the status quo." Limited Opposition at 2. The court disagrees and finds that the proposed language in dispute merely preserves the status quo and reserves the rights and defenses of the parties as to the Check, and makes no legal conclusion as to whether AERC has accepted or rejected the Check pursuant to the Assumption Order by depositing the Check into a client trust bank account held by AERC's counsel.

In light of the foregoing, and good cause appearing therefor,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

2

IT IS HEREBY ORDERED as follows:

1. The Motion is granted.
2. AERC is authorized to deposit the Check into a client trust bank account held by AERC's counsel pending further order of this court.
3. The deposit of the Check shall have no impact or effect on the respective substantive positions of Debtor, AERC, or Committee in this bankruptcy case or in any related proceedings or appeals. In particular, by depositing the Check, AERC shall not be deemed to have either accepted or rejected any cure payment pursuant to the Assumption Order and all of Debtor's, AERC's and Committee's rights with respect to the Check are hereby deemed reserved.
4. The hearing on the Motion on February 3, 2016 is vacated.

**IT IS SO ORDERED.**

###

Date: February 1, 2016

_____
Robert Kwan
United States Bankruptcy Judge