

FILED & ENTERED

FEB 22 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

## ORDER NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ART AND ARCHITECTURE BOOKS<br>OF THE 21st CENTURY, a California<br>corporation,<br><br>                  Debtor. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>**ORDER ON ACE GALLERY NEW YORK CORPORATION'S "OBJECTION TO COMMITTEE OF UNSECURED CREDITORS' SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION ISSUED TO CITY NATIONAL BANK" AND COMMITTEE'S RESPONSE THERETO REQUESTING ORDER COMPELLING SUBPOENA COMPLIANCE**<br><br>[NO HEARING REQUIRED] |

Pending before the court is the "Objection to Committee of Unsecured Creditors' Subpoena to Produce Documents and Information Issued to City National Bank" (the "Objection") filed by Ace Gallery New York Corporation ("Ace New York"), through its counsel, Johnathan D. Freund of Freund & Brackey, LLP, ECF 1766, and the response thereto filed by the Official Committee of Unsecured

1   Creditors ("Committee"), through its counsel, Victor A. Sahn of SulmeyerKupetz, A

2   Professional Corporation, and attached Declaration of Victor A. Sahn and exhibits in

3   support thereof, ECF 1784.

4      On January 28, 2016, the Committee, through its counsel, issued and served

5   a subpoena duces tectum ("Subpoena") to City National Bank pursuant to Federal

6   Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016, which incorporates by

7   reference Federal Rule of Civil Procedure ("Civil Rule") 45.  Victor A. Sahn

8   Declaration, ¶ 4 and Exhibit "1," "Subpoena to Produce Documents, Information, or

9   Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary

10   Proceeding)."  By the Subpoena, the Committee requests the production of certain

11   documents relating to two bank accounts beginning in January 2015 through and

12   including the date of production, one of which is believed to be maintained in the

13   name, or for the benefit, of Ace New York.  *Id.*, Exhibit "1," "Subpoena to Produce

14   Documents, Information, or Objects or to Permit Inspection of Premises in a

15   Bankruptcy Case (or Adversary Proceeding)."

16      On February 8, 2016, Ace New York filed the Objection to the Subpoena,

17   raising a number of objections to the Subpoena, including improper service of the

18   Subpoena, that the documents sought are irrelevant "to the subject matter of this

19   litigation" and not "reasonably calculated to lead to the discovery of admissible

20   evidence," that the description of the documents sought is vague, ambiguous, and

21   overbroad, and that the documents sought would "impermissibly invade the privacy

22   of ACE NEW YORK and otherwise invade any business relationship that may exist

23   between the subpoenaed party, third parties, and ACE NEW YORK and may call for

24   the disclosure of trade secret information."  However, Ace New York's Objection to

25   the Subpoena is procedurally defective as follows and, therefore, should be

26   disregarded, if not overruled, on that basis.

27      Civil Rule 45(d)(2)(B) provides in pertinent part that,

28

> A *person commanded* to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. . ."

Federal Rule of Civil Procedure 45(d)(2)(B) (Emphasis added).  *Only* the "person commanded" can prevent disclosure by objection; however, "[t]he party to whom the subpoenaed records pertain *cannot* simply object.  Rather, a protective order or motion to quash the subpoena is required."  *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002).  Here, the person commanded was City National Bank, and not Ace New York, and City National Bank did not file any objection to the Subpoena pursuant to Civil Rule 45(d)(2)(B).  Accordingly, Ace New York could only object to the Subpoena by filing a properly noticed motion to quash or modify the Subpoena pursuant to Civil Rule 45(d)(3), which it did not do.

Additionally, the court notes that it is not up to the person commanded to decide whether or not to comply with a subpoena, and "[a] witness' failure to comply with a subpoena or order related to it without adequate excuse may be deemed a contempt of court in which compliance is required; or, after a motion is transferred, of the issuing court."  1 Jones, Rosen, Wegner & Jones, *Rutter Group Practice Guide:  Federal Civil Trials & Evidence*, ¶ 1:107 at 1-23 (2015), *citing*, *inter alia*, Civil Rule 45(g) ("The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

In its proposed order overruling Ace New York's Objection that was lodged with the court, the Committee requests that the court direct City National Bank to produce all documents sought by the Subpoena and to otherwise fully comply with the Subpoena.  The Subpoena already does that, and if the subpoenaed party fails

3

to comply with the subpoena as directed, then the court may consider lack of compliance with the subpoena without excuse as contempt.  In such failure, the Committee may then (not now) seek to properly commence contempt proceedings in compliance with Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and Local Bankruptcy Rule 9020-1 against City National Bank if it seeks for this court to hold City National Bank in contempt for failing to comply with the Subpoena.

Both the objection of Ace New York and the request thereto of the Committee seeking relief in an order of the court are procedurally defective since such relief must be by motion.  Rule 9013 of the Federal Rules of Bankruptcy Procedure; Local Bankruptcy Rule 9013-1.

For the reasons stated above, the court hereby ORDERS as follows:

1.  The court declines to sustain, and disregards, Ace New York's Objection since such objection is not properly before the court.

2.  The court declines to grant, and disregards, the Committee's request to direct City National Bank to comply with the subpoena and issue an order to such effect because such request is also not properly before the court and because the subpoena already has that legal effect of directing the subpoenaed party to act.

3.  Having declined to rule on the respective requests of the Committee and Ace New York, the court offers an advisory opinion to the subpoenaed party, City National Bank, that City National Bank is fully expected to comply with any lawful subpoena served on it, and any unexcused failure

///

///

///

///

///

4

1    to fully comply with a lawful subpoena might be considered a contempt of

2    court subjecting it to monetary and other sanctions.

3    IT IS SO ORDERED.

4                                         ###

Date: February 22, 2016

_____

Robert Kwan
United States Bankruptcy Judge