

FILED & ENTERED

MAR 21 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, a California corporation,<br><br>Debtor. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>**ORDER ON IMPACT OF RULING OF UNITED DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AS LAW OF THE CASE ON CREDITOR AERC DESMOND'S TOWER'S MOTIONS: (A) TO: (1) COMPEL IMMEDIATE PAYMENT BY DEBTOR OF OUTSTANDING OBLIGATIONS TO LANDLORD PURSUANT TO 11 U.S.C. § 365(d)(3); (2) MODIFY ADEQUATE PROTECTION ORDER BASED ON DEBTOR'S CONTEMPT OF COURT AND OTHER DEVELOPMENTS SUBSEQUENT TO ITS ENTRY; (B) TO COMPEL PAYMENT OF ADDITIONAL AMOUNTS PURSUANT TO 11 U.S.C. § 365(d)(3); (C) FOR PAYMENT OF ATTORNEYS' FEES AND COSTS INCURRED DURING THE PERIOD OCTOBER 28, 2014 THROUGH MAY 31, 2015** |

Pending before the court are the supplemental and responsive briefs of AERC Desmond's Tower, LLC ("Landlord"), Art and Architecture Books of the 21st Century, dba Ace Gallery ("Debtor") and the Official Committee of Unsecured Creditors ("Committee") (collectively, the "parties"), which the court allowed the parties to file in order for the

parties to present their views on the impact of the ruling of the United States District Court for the Central District of California ("District Court") on September 9, 2015 on certain motions of Landlord pursuant to 11 U.S.C. § 365(d)(3) which are pending before the court. Specifically, on September 9, 2015, the District Court issued an order entitled Final Decision on Appeal From Bankruptcy Court's Ruling on Debtor's Motion to Assume the Lease ("Appellate Decision"), ECF 1279, which affirmed in part the court's Memorandum Decision on Debtor's Motion to Assume Master Lease (NNN) re 5500 Wilshire Boulevard, Los Angeles, California, ECF 664, and related order, the Order Ruling on Competing Forms of Judgment on Debtor's Request for Relief from Forfeiture and Motion to Assume Lease and Resetting Status Conference and Hearing on Motion of Granting AERC Desmond's Tower, LLC for Immediate Payment Pursuant to 11 U.S.C. § 365(d)(3) ("Order on Competing Forms of Judgment"), ECF 702, entered on October 27, 2014, but also vacated the Order Ruling on Competing Forms of Judgment in part.

  Based on the supplemental and response briefs filed by the parties, the declarations and exhibits attached therein, and the record before the court, the court takes the matter under submission and now addresses the Appellate Decision's effect on the following three motions of Landlord, which are pending before the court: (A) Motion to (1) Compel Immediate Payment by Debtor of Outstanding Obligations to Landlord Pursuant to 11 U.S.C. § 365(d)(3); (2) Modify Adequate Protection Order Based on Debtor's Contempt of Court and Other Developments Subsequent to Its Entry, ECF 440, (B) Motion to Compel Payment of Additional Amounts Due Pursuant to 11 U.S.C. § 365(d)(3), ECF 817, and (C) Motion for Payment of Attorneys' Fees and Costs Incurred During the Period October 28, 2014 through May 31, 2015, ECF 1200 (collectively, "Landlord's Motions"). On November 26, 2014, the court issued a memorandum decision on the Motion to (1) Compel Immediate Payment by Debtor of Outstanding Obligations to Landlord Pursuant to 11 U.S.C. § 365(d)(3); (2) Modify Adequate Protection Order Based on Debtor's Contempt of Court and Other Developments Subsequent to Its Entry, ECF

784, which determined that the termination of the Master Lease did not preclude the application of 11 U.S.C. § 365(d)(3) and that Landlord was entitled to immediate payment of outstanding obligations arising post-petition as required under 11 U.S.C. § 365(d)(3), including payment of holdover rent, late charges, attorneys' fees and replacement parking losses incurred by Landlord, but not subtenant rents.  (The memorandum decision was reported at 522 B.R. 249 (Bankr. C.D. Cal. 2014)).

In the Appellate Decision, the District Court held as follows:

> [T]he application of the Waiver Clause rendered the Lease both expired and terminated prior to the time the bankruptcy petition was filed . . . [A]t the time Debtor moved to assume the lease, it did not have the right under Section 1179 to do so, and therefore there was no possibility that Debtor could have been saved by forfeiture under Section 1179.  In effect, the Lease 'expired' at the same time as it was 'terminated,' because the Waiver Clause foreclosed any possibility of relief under California anti-forfeiture statutes . . . [B]ecause there was no possibility that Debtor could have been saved from forfeiture under Section 1179, Section 365 does not apply.

Appellate Decision at 9.  In its conclusion, the Appellate Decision stated that the District Court: "AFFIRMS the Bankruptcy Court's decision as to the rejection of the Lease.  The Court VACATES that portion of the Bankruptcy Court's October 27, 2014 Order and Judgment and remands this case to the Bankruptcy Court for proceedings consistent with this Court's conclusion." *Id.* at 10.

As stated by the Ninth Circuit in *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278 (9th Cir. 1996), "[t]he law of the case doctrine states that the decision by an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Id.* at 281, *quoting, Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir. 1993).  In *Rainbow Magazine,* the Ninth Circuit further stated:

> Although observance of the law of the case doctrine is considered discretionary, this court has ruled that the prior decision should be followed unless:

3

1
2
>     (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.

3 *In re Rainbow Magazine, Inc., quoting, Hegler v. Borg,* 50 F.3d 1472, 1475 (9th Cir.
4 1995). "[B]ankruptcy trial courts are permitted on remand to consider whether any
5 exceptions to the law of the case doctrine excuse compliance with a determination made
6 by an appellate court." *In re Fraschilla*, 235 B.R. 449, 455 (9th Cir. BAP 1999), *affirmed*
7 *in an unpublished opinion,* 242 F.3d 381 (9th Cir. 2000).
8         Pursuant to the Appellate Decision, it is now the law of the case that 11 U.S.C. §
9 365 does not apply to the Lease.  In this case on remand from the District Court, this
10 court determines that none of the exceptions to the law of the case doctrine are present.
11 First, the Appellate Decision, which has since been appealed to the Ninth Circuit, is not
12 clearly erroneous, nor would it work a manifest injustice to apply the Appellate Decision
13 on remand.  Second, the parties have not presented any intervening controlling authority
14 that would make reconsideration of the Appellate Decision appropriate, nor is the court
15 aware of any such authority.  Third, there has not been a subsequent trial that put forth
16 substantially different evidence.  Accordingly, the Landlord's Motions for immediate
17 payment under 11 U.S.C. § 365(d)(3) should be denied.  *See* 11 U.S.C. § 365(d)(3)
18 (stating "[t]he trustee shall timely perform all the obligations of the debtor . . . arising from
19 and after the order for relief under any **unexpired** lease of nonresidential real property")
20 (emphasis added); *see also, In re DBSI, Inc.*, 407 B.R. 159, 163-164 (Bankr. D. Del.
21 2009) (11 U.S.C. § 365(d)(3) does not apply to lease terminated prepetition); *In re Boll*
22 *Weevil, Inc.*, 202 B.R. 762, 765 (Bankr. S.D. Cal. 1996) (stating "[s]ince the lease was
23 deemed terminated under California law prepetition, [the debtor] had no obligations under
24 section 365(d)(3).").  All of the relief requested in the Landlord's Motions rely on 11 U.S.C.
25 § 365.  Because it is now the law of the case that the lease expired at the same time it
26 was terminated, and thus, that 11 U.S.C § 365 does not apply to the lease, accordingly,
27 Landlord's Motions based on this provision should be denied without prejudice.
28

4

The law of the case as reflected in the Appellate Decision also indicates that the court's memorandum decision of November 26, 2014 is inconsistent with the law of the case, and accordingly, the court should also vacate the memorandum decision granting Landlord's motions. However, with respect to the post-petition obligations ordered to be paid Landlord, such as payment of holdover rent, late charges, attorneys' fees and replacement parking losses incurred by Landlord, it also appears that these obligations are not required to be immediately paid by Debtor to Landlord pursuant to 11 U.S.C. § 365(d)(3). However, with respect to payment of holdover rent, there is a "belt and suspenders" arrangement whereby other orders of the court require continued payment of such obligation to maintain the status quo of matters on appeal, including the order granting the joint motion of Debtor and the Committee for stay pending appeal, ECF 822, and Paragraph VI.E.1 of the First AERC Term Sheet agreement, Exhibit 1 attached to the Committee's Amended Plan, filed on December 21, 2015, ECF 1528, incorporated into the Committee's confirmed Chapter 11 plan by the court's plan confirmation order, ECF 1873, entered on March 18, 2016.

In Landlord's Supplemental Briefing on the Motions, ECF 1316, Landlord asserts that it is entitled to an administrative expense claim of $4,733,483.60 under 11 U.S.C. § 503(b)(1). Landlord's Supplemental Briefing on 365(d)(3) Motions at 2-9. 11 U.S.C. § 503(b)(1) allows for administrative expenses "[a]fter notice and a hearing . . . ." *See also*, 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 17:716 at 17-87 (2015), *citing,* 11 U.S.C. §§ 102(1) and 503(b) ("Motions requesting allowance and payment of administrative claims can be granted only after notice and hearing—i.e., parties in interest must receive notice *and an opportunity to object* and request a hearing."). If Landlord seeks payment of the claimed post-petition obligations as an administrative expense claim under 11 U.S.C. § 503(b)(1), Landlord should bring a properly noticed motion that is set for hearing, as required by the Bankruptcy Code.

Moreover, in the Supplemental Brief of the Official Committee of Unsecured Creditors in Response to this Court's Order of September 10, 2015, ECF 1345, Committee requests that the court order Chicago Title to release the Escrowed Funds to Debtor's Trust Account maintained by Debtor's counsel. Supplemental Brief of the Official Committee of Unsecured Creditors in Response to this Court's Order of September 10, 2015, ECF 1305, at 5. Pursuant to the Stipulation Between AERC-Desmond Tower, LLC, Art and Architecture Books of the 21st Century, a California Corporation, Associated Estates Realty Corporation, a Ohio corporation, and the Official Committee of Unsecured Creditors of Art and Architecture Books of the 21st Century Regarding Payment of Allowed Administrative Claim of AERC Desmond Tower, LLC under Section 365(d)(3) of the Bankruptcy Code, Payment of Chapter 11 Administrative Expenses of Art and Architecture Books of the 21st Century and Reservation of Rights ("Administrative Expense Stipulation"), ECF 1157, $5,054,000.00 in funds is currently being held in an escrow account. The Administrative Expense Stipulation states the following:

> Any funds remaining in the Landlord Reserve shall be distributed to the Debtor's Trust Account maintained by Debtor's Counsel, LNBYB, upon the entry of: (a) an Order approving a Stipulation of the Parties regarding distribution of the funds in the Landlord Reserve; (b) a final order not subject to further appeal denying any portion of the AERC 365(d)(3) Motion or any motion by Landlord for payment of Additional Sums; and/or (c) a final order not subject to further appeal granting a motion by the Debtor or the Committee seeking the release of the funds in the Landlord Reserve.

Administrative Expense Stipulation at 5. Accordingly, because none of the three conditions for release of the Landlord Reserve funds have been met, the court determines that it would be premature to enter an order instructing the Chicago Title Company to distribute any of the escrowed funds.

///

Based on the foregoing, the court orders as follows:

1. Landlord's Motions— the (A) Motion to (1) Compel Immediate Payment by Debtor of Outstanding Obligations to Landlord Pursuant to 11 U.S.C. § 365(d)(3); (2) Modify Adequate Protection Order Based on Debtor's Contempt of Court and Other Developments Subsequent to Its Entry, ECF 440, (B) Motion to Compel Payment of Additional Amounts Due Pursuant to 11 U.S.C. § 365(d)(3), ECF 817, and (C) Motion for Payment of Attorneys' Fees and Costs Incurred During the Period October 28, 2014 through May 31, 2015, ECF 1200—are each hereby denied without prejudice.

2. The court's memorandum decision on Landlord's Motions, ECF 784, entered on November 26, 2014, and reported at 522 B.R. 249 (Bankr. C.D. Cal. 2014), is hereby vacated.

3. Landlord's request for an administrative expense claim under 11 U.S.C. § 503(b)(1) is hereby denied without prejudice.

4. Committee's request that the court order Chicago Title to release the Escrowed Funds to Debtor's Trust Account maintained by Debtor's counsel is hereby denied without prejudice.

IT IS SO ORDERED.

###

Date: March 21, 2016

_____
Robert Kwan
United States Bankruptcy Judge